1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   JOSEPH R. TIFFANY II  67821
2  joseph.tiffany@pillsburylaw.com
   ESTHER YEU  259584
3  esther.yeu@pillsburylaw.com
   2475 Hanover Street
4  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
5  Facsimile: (650) 233-4545

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   CONNIE J. WOLFE  207661
7  connie.wolfe@pillsburylaw.com
   501 W. Broadway, Suite 1100
8  San Diego, CA 92101-3575
   Telephone: (619) 234-5000
9  Facsimile: (619) 236-1995

10  Attorneys for Defendant
    CBR SYSTEMS, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  SOUTHERN DISTRICT OF CALIFORNIA

14  _____

15  EILEEN JOHANSSON-DOHRMANN, on        )   Case No.  '12CV1115 MMABGS
    behalf of herself, all other persons similarly )
16  situated and the general public,     )   NOTICE OF REMOVAL OF ACTION
                                         )   PURSUANT TO 28 U.S.C. §§ 1332(d)
17                        Plaintiff,     )   AND 1453 (CLASS ACTION
                                         )   FAIRNESS ACT OF 2005) AND
18                  vs.                  )   DEMAND FOR A JURY TRIAL
                                         )
19  CBR SYSTEMS, INC., a California      )   [NOTICE AND CERTIFICATE OF
    corporation; and DOES 1 through 100, )   SERVICE OF NOTICE TO
20  inclusive,                           )   ADVERSE PARTY AND STATE
                                         )   COURT OF REMOVAL OF ACTION
21                        Defendants.    )   TO FEDERAL COURT; L.R. 40.2
                                         )   NOTICE OF PARTY WITH
22                                       )   FINANCIAL INTEREST]
                                         )
23                                       )   (San Diego County Superior Court
                                         )   Case No. Case No. 37-2012-00050039-
24  _____ )   CU-BT-NC)

25

26

27

28

# TABLE OF CONTENTS

Page

I.    THIS NOTICE OF REMOVAL COMPLIES WITH 28 U.S.C. § 1446 .................. 1

II.   VENUE ....................................................................................................... 7

III.  BACKGROUND ........................................................................................... 7

IV.   THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE
      SATISFIED ................................................................................................... 8

      A.    Class Action ...................................................................................... 8

      B.    Minimal Diversity ............................................................................. 9

            1.    CBR is a Citizen of Delaware and California ...................... 9

            2.    The Putative Class Includes At Least One Citizen Diverse to
                  CBR ..................................................................................... 10

      C.    Amount in Controversy .................................................................. 13

      D.    Number of Proposed Class Members .............................................. 16

V.    DEMAND FOR JURY TRIAL .................................................................... 16

1                 <u>TABLE OF AUTHORITIES</u>

2                       <u>Cases</u>

3    Abrego Abrego v. Dow Chem. Co.
          443 F.3d 676 (9th Cir. 2006)................................................................13, 14
4

    Bell Atl. Corp. v. Twombly
5       500 U.S. 544 (2007) ..............................................................................14

6    Blank v. Kirwan
          39 Cal. 3d 311 (1985)..............................................................................5, 6
7

8    Bradley Min. Co. v. Boice
          194 F.2d 80 (9th Cir. 1952) cert. denied, 343 U.S. 941 (1952),
9       rehearing en banc denied, 198 F.2d 790 (9th Cir. 1952),
          remanded for further proceeding, 345 U.S. 932 (1953),
          rehearing denied 205 F.2d 937 (9th Cir. 1953),
10      cert. denied, 346 U.S. 874 (1953) ..........................................................11

11   BrandAid Mktg. Corp. v. Biss
         No. 03 Civ. 5698 WHP, 2003 WL 21998972 (S.D.N.Y., Aug. 21,
12     2003) ......................................................................................................11

13   Busching v. Superior Court
         12 Cal. 3d 44 (1974)..............................................................................5
14

    Bush v. Cheaptickets, Inc.
15       425 F.3d 683 (9th Cir. 1995)..................................................................8

16   Estate of Baratt v. Phoenix Mut. Life Ins. Co.
         787 F.Supp. 333 (W.D.N.Y. 1992) ........................................................3
17

    Gaus v. Miles, Inc.
18       980 F.2d 564 (9th Cir. 1992)..................................................................13

19   Guglielmino v. McKee Foods Corp.
         506 F.3d 696 (9th Cir. 2007)................................................................13, 14
20

    Hertz Corp. v. Friend
21       130 S.Ct. 1181 (2010) ...........................................................................10

22   In re Marriage of Smith
         135 Cal. App. 3d 543 (Cal. Ct. App. 1982) ...........................................6
23

    Kanter v. Warner-Lambert Co.
24       265 F.3d 853 (9th Cir. 2001)..................................................................11

25   Kelleam v. Maryland Casualty Co. of Baltimore, Md.
         112 F.2d 940 (10th Cir. 1940),
26     rev'd on other grounds, 312 U.S. 377 (1941) ........................................11

27   Kenneth Rothschild Trust v. Morgan Stanley Dean Witter
         199 F.Supp.2d 993 (C.D. Cal. 2002).....................................................13
28

703690791v2            - ii -        NOTICE OF REMOVAL OF ACTION PURSUANT TO
                                        28 U.S.C. §§ 1332(d) AND 1453,
                                        Case No. _____

Korn v. Polo Ralph Lauren Corp.
    536 F.Supp.2d 1199 (E.D. Cal. 2008)..........................................13, 14, 15

Lew v. Moss
    797 F.2d 747 (9th Cir. 1986)...............................................................11

Lowdermilk v. U.S. Bank Nat'l Ass'n
    479 F.3d 994 (9th Cir. 2007)..............................................................8

McCraw v. Lyons
    863 F.Supp. 430 (W.D. Ky. 1994) .......................................................13

Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.
    526 U.S. 344 (1999) ......................................................................2, 3

Piazza v. EMPI, Inc.
    2008 WL 590494 (E.D. Cal., Feb. 29, 2008) ...........................................3

Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92961
    635 F.3d 1128 (9th Cir. 2011)...........................................................2

Rippee v. Boston Market Corp.
    408 F.Supp.2d 982 (S.D. Cal. 2005) ...................................................14

Sanchez v. Monumental Life Ins. Co.
    102 F.3d 398 (9th Cir. 1996).......................................................13, 14, 15

Saulic v. Symantec Corp.
    2007 WL 5074883 (C.D.Cal., Dec 26, 2007) .....................................14, 15

Scherer v. Equitable Life Assurance Soc'y of the United States
    347 F.3d 394 (2d Cir. 2003)..............................................................14

Singer v. State Farm Mut. Auto. Ins. Co.
    116 F.3d 373 (9th Cir. 1997)..............................................................13

Smith v. Simmons
    2008 WL 744709 (E.D. Cal., Mar 18, 2008) .........................................11

Spivey v. Vertrue, Inc.
    528 F.3d 982 (7th Cir. 2008)..............................................................14

NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332(d) AND 1453,
Case No. _____

## Statutes and Codes

28 United States Code
Section 1332(c)(1) ........................................................... 9
Section 1332(d) ............................................................. 1
Section 1332(d)(1)(B) ...................................................... 8
Section 1332(d)(2) ................................................ 8, 15, 16
Section 1332(d)(2)(A) ............................................. 1, 9, 12
Section 1332(d)(3) ......................................................... 13
Section 1332(d)(4) ......................................................... 13
Section 1332(d)(5)(B) ...................................................... 16
Section 1441(a) ............................................................. 7
Section 1446 ............................................................. 1, 8
Section 1446(a) ............................................................ 6
Section 1446(b) .................................................... 1, 2, 5, 6
Section 1446(d) ............................................................ 6
Section 1453 ............................................................. 1, 8

California Business and Professions Code
Section 17200 ............................................................. 8

California Civil Code
Section 56 ................................................................. 7
Section 1798.81.5 .......................................................... 7
Section 1798.82 ............................................................ 7

California Code of Civil Procedure
Section 410.50 ........................................................... 2, 6
Section 415.20 ........................................................... 4, 5
Section 416.10 ........................................................ 3, 4, 5
Section 416.10(a) .......................................................... 4
Section 416.10(b) .......................................................... 5
Section 418.10(d) ....................................................... 5, 6
Section 473 ................................................................ 6
Section 473.5 .............................................................. 6

## Rules and Regulations

Federal Rules of Civil Procedure
Rule 6(a)(1)(C) ............................................................ 6

## Other Authorities

1 Fed. Proc., Lawyers Ed., § 1:339 (2008) ...................... 11, 12

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that pursuant to the removal provisions of the Class

3 Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (2005) (codified in

4 scattered sections of 28 U.S.C.), Defendant CBR SYSTEMS, INC. ("CBR") hereby

5 removes this action from the Superior Court of the State of California for the County of San

6 Diego to the United States District Court for the Southern District.

7    In support of that removal, CBR alleges as follows:

8    1.    This action is a civil action over which this Court has original jurisdiction

9 under CAFA, specifically 28 U.S.C. §§ 1332(d), 1453.

10    2.    Under CAFA, "[t]he district courts shall have original jurisdiction of any

11 civil action in which the matter in controversy exceeds the sum or value of $5,000,000,

12 exclusive of interest and costs, and is a class action in which . . . any member of a class of

13 plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14    3.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that it

15 has been filed "within 30 days after the receipt by the defendant, through service or

16 otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

17 action or proceeding is based."

18    I.    THIS NOTICE OF REMOVAL COMPLIES WITH 28 U.S.C. § 1446

19    4.    On or about January 5, 2012, Plaintiff EILEEN JOHANSSON-

20 DOHRMANN (hereinafter "Plaintiff") filed the above-captioned complaint (hereinafter, the

21 "Complaint" or the "State Court Action") in the Superior Court of California for the County

22 of San Diego.

23    5.    CBR's Notice of Removal was timely filed. The time for removal is

24 provided by 28 U.S.C. § 1446(b), which states in relevant part:

25    The notice of removal of a civil action or proceeding shall be filed within
     thirty days after the receipt by the defendant, through service or otherwise,
26    of a copy of the initial pleading setting forth the claim for relief upon which
     such action or proceeding is based, or within thirty days after the service of
27    summons upon the defendant if such initial pleading has then been filed in
     court and is not required to be served on the defendant, whichever period is
28    shorter.

1    28 U.S.C. § 1446(b).

2        6.    The United States Supreme Court has held that the time period for removal

3    is not triggered by "mere receipt of the complaint unattended by any formal service."

4    Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

5    "Consequently, actual notice of the action is insufficient; rather, the defendant must be

6    'notified of the action, and brought under a court's authority by formal process,' before the

7    removal process begins to run."  Quality Loan Service Corp. v. 24702 Pallas Way, Mission

8    Viejo, CA 92961, 635 F.3d 1128, 1133 (9th Cir. 2011) (citing Murphy Bros., 526 U.S. at

9    347).  Therefore, when a plaintiff "took steps that were insufficient to constitute the formal

10   process" required to effect service, the Ninth Circuit held that such acts "did not start the

11   removal clock, regardless of whether they provided [defendant] with actual notice of the

12   action," thus "the notice of removal was not untimely."  Quality Loan Service Corp.,

13   635 F.3d at 1133.

14       7.    In the present case, Plaintiff filed her Complaint in San Diego Superior

15   Court.  The process for bringing a defendant under the jurisdiction of the court is set forth

16   in California Code of Civil Procedure section 410.50, which states in pertinent part:

17   "[T]he court in which an action is pending has jurisdiction over a party from the time the

18   summons is served on him as provided by Chapter 4 (commencing with Section 413.10)."

19   Cal. Civ. Proc. Code § 410.50.

20       8.    Under California law, to serve a summons on a corporation that is not a

21   bank, a plaintiff must deliver a copy of the summons and the complaint to one of the

22   following persons:

23
         (a) To the person designated as agent for service of process as provided by
24       any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code
         (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of
25       the Corporations Code, as in effect on December 31, 1976, with respect to
         corporations to which they remain applicable).
26
         (b) To the president, chief executive officer, or other head of the corporation,
27       a vice president, a secretary or assistant secretary, a treasurer or assistant
         treasurer, a controller or chief financial officer, a general manager, or a
28       person authorized by the corporation to receive service of process.

1    Cal. Civ. Proc. Code § 416.10.

2         9.    The thirty-day removal period is not triggered for a corporation by personal

3    service on a person who is not an agent for service of process or a high-ranking employee.

4    Piazza v. EMPI, Inc., 2008 WL 590494, *7 (E.D. Cal., Feb. 29, 2008).  In Piazza, the

5    plaintiff personally served Lynn Masanz ("Masanz"), a medical billing assistant, at

6    defendant's office on April 24, 2007.  Id. at *1.  Masanz was not an officer, managing agent

7    or general agent of defendant, and was never authorized to receive service of process on

8    behalf of the company.  Id.  The district court for the Eastern District of California relied

9    upon the holding of the Supreme Court in Murphy Bros., in which "the Court read

10   Congress's provisions for removal in light of the following bedrock principle: 'An

11   individual or entity named as a defendant is not obliged to engage in litigation unless

12   notified of the action, *and brought under a court's authority, by formal process.*'"  Piazza,

13   2008 WL 590494 at *7 (emphasis in original) (citing Murphy Bros., 526 U.S. at 347).  The

14   court further relied on a decision of the Western District of New York that addressed

15   similar facts, and held that personal service of summons on a part-time receptionist failed to

16   trigger removal, as "the 'or otherwise' language in 28 U.S.C. § 1446(b) was not intended to

17   permit a plaintiff to substitute informal or improper service for the traditional requirements

18   of personal service."  Piazza, 2008 WL 590494 at *7 (citing Estate of Baratt v. Phoenix

19   Mut. Life Ins. Co., 787 F.Supp. 333, 337 (W.D.N.Y. 1992)).  The Piazza court

20   characterized the facts of Baratt as "indistinguishable" from those in Piazza, and in reliance

21   on the reasoning in Baratt and the Supreme Court's reasoning in Murphy Bros. held that

22   because Masanz was not a person authorized to accept service pursuant to California Code

23   of Civil Procedure section 416.10, the thirty-day period for removal did not begin to run

24   when she was served.  Piazza, 2008 WL 590494 at *7.

25        10.   If none of the persons referenced in California Code of Civil Procedure

26   section 416.10 are available for personal service, a plaintiff may effect substitute service on

27   a corporation using the following procedure:

28        (a) In lieu of personal delivery of a copy of the summons and complaint to

1   the person to be served as specified in Section 416.10, 416.20, 416.30,
    416.40, or 416.50, a summons may be served by leaving a copy of the
2   summons and complaint during usual office hours in his or her office or, if
    no physical address is known, at his or her usual mailing address, other than
3   a United States Postal Service post office box, with the person who is
    apparently in charge thereof, *and by thereafter mailing a copy of the*
4   *summons and complaint by first-class mail, postage prepaid to the person*
    *to be served at the place where a copy of the summons and complaint were*
5   *left.* When service is effected by leaving a copy of the summons and
    complaint at a mailing address, it shall be left with a person at least 18 years
6   of age, who shall be informed of the contents thereof. *Service of a*
    *summons in this manner is deemed complete on the 10th day after the*
7   *mailing.*

8   Cal. Civ. Proc. Code § 415.20 (emphasis added).

9       11.     In the present case, CBR was not served as required by California law, as

10  there was no personal service on any of the persons listed in California Code of Civil

11  Procedure section 416.10, nor did Plaintiff comply with the substituted service

12  requirements of section 415.20.

13      12.     Plaintiff filed a proof of service on February 21, 2012, which asserted that

14  CBR's agent for service of process, Mr. Thomas Moore, was "personally served" at the

15  address of 1200 Bayhill Drive, 3rd Floor, San Bruno, California  94066, on February 2,

16  2012, at 11:00 a.m.  See Exhibit E, attached hereto.

17      13.     However, such proof of service is in error, as Mr. Moore was not even in

18  CBR's San Bruno office on February 2, 2012 and thus could not have been "personally

19  served" at that location on that date.  See Declaration of Thomas Moore ("Moore Decl."),

20  ¶¶ 3-4.  Nor did Mr. Moore ever receive a mailed copy of the summons or complaint from

21  Plaintiff, her attorney or any of her agents.  Id. at ¶ 5.

22      14.     It appears that a copy of the summons and Complaint was left with CBR's

23  front desk receptionist, Ann Calvey, at 1200 Bayhill Drive, 3rd Floor, San Bruno,

24  California  94066, on February 2, 2012.  See Declaration of Ann Calvey ("Calvey Decl."),

25  ¶¶ 6-7.  Ms. Calvey noted in her desk log that "1 envelope" was delivered for "Tom Moore"

26  by a "private" courier on "2/2/12."  Calvey Decl., Exhibit 1.  Ms. Calvey is neither the

27  "person designated as agent for service of process" as specified in California Code of Civil

28  Procedure section 416.10(a) nor "the president, chief executive officer, or other head of the

1   corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant

2   treasurer, a controller or chief financial officer, a general manager, or a person authorized

3   by the corporation to receive service of process" as specified in California Code of Civil

4   Procedure section 416.10(b).  Calvey Decl., ¶¶ 3-5.  Nor did Ms. Calvey inform the process

5   server that she was authorized by CBR to accept service.  Id. at ¶ 5.  Thus, personal service

6   on Ms. Calvey is invalid to satisfy the requirement of section 416.10.

7        15.    Plaintiff likewise failed to comply with the substituted service requirements

8   of California Code of Civil Procedure section 415.20.  Section 415.20 provides for service

9   "in lieu of personal delivery" by leaving a copy of the summons and complaint at a

10   defendant's office and "thereafter mailing a copy of the summons and complaint by first-

11   class mail, postage prepaid to the person to be served at the place where a copy of the

12   summons and complaint were left."  Cal. Civ. Proc. Code § 415.20.  There is no indication

13   in Plaintiff's Proof of Service (see Exhibit E hereto) that Plaintiff complied with this

14   mailing requirement, nor did Mr. Moore ever receive a mailed copy of the summons or

15   complaint from Plaintiff, her attorneys or her agents.  Moore Decl., ¶ 5.

16        16.    Consequently, the "service date" referenced on Plaintiff's Proof of Service

17   did not represent a date of proper service under California law sufficient to place CBR

18   under the court's jurisdiction and trigger the initial thirty-day removal period of 28 U.S.C. §

19   1446(b).

20        17.    CBR first appeared in the above-referenced action on April 5, 2012 by filing

21   a "Stipulation and [Proposed] Order Vacating Entry of Default and Setting Time for

22   Defendant to Respond to the Complaint."  See Exhibit H, hereto.  However, such a filing

23   merely seeking relief from default and an extension of time to plead does not constitute a

24   "general appearance" under California law.  See Blank v. Kirwan, 39 Cal. 3d 311, 333

25   (1985) (citing Busching v. Superior Court, 12 Cal. 3d 44, 51 (1974) (holding that a party

26   "who merely seeks an extension of time to plead cannot reasonably be deemed to make a

27   general appearance."); see also Cal. Code Civ. Proc. § 418.10(d) ("No default may be

28   entered against the defendant before expiration of his or her time to plead, and no motion

1   under this section, or under Section 473 or 473.5 when joined with a motion under this

2   section, or application to the court or stipulation of the parties for an extension of the time

3   to plead, shall be deemed a general appearance by the defendant.").  Moreover, even if such

4   appearance were deemed to constitute a "general appearance" that is "equivalent to

5   personal service of summons" pursuant to California Code of Civil Procedure section

6   410.50, CBR's Notice of Removal of Civil Action ("Notice") is timely filed as required by

7   28 U.S.C. § 1446(b) because it is filed within the thirty-day period following CBR's first

8   appearance.[1]  Specifically, CBR first appeared on April 5, 2012, and thirty days from April

9   5, 2012, is May 5, 2012.  Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), because

10  May 5, 2012 is a Saturday, the removal time period following CBR's first appearance

11  concludes on May 7, 2012.  Thus, this Notice is being filed on May 7, 2012; i.e., within the

12  removal period following the date on which service could arguably become effective

13  pursuant to section 410.50.

14         18.    CBR is the only named defendant in this action and is unaware that a

15  summons and complaint has been properly served on any Doe defendant in this action.  On

16  this basis, CBR alleges that no other defendant in this action has been properly served with

17  the summons and complaint.

18         19.    This Notice also complies with 28 U.S.C. § 1446(a) and (d).  As required by

19  28 U.S.C. § 1446(a), this Notice is accompanied by a true and correct copy of all process,

20  pleadings, orders, and other papers on file in the State Court Action or served on the parties

21  in the State Court Action.[2]  Pursuant to 28 U.S.C. § 1446(d), and promptly after filing this

22  _____

23  [1] As described above, a stipulation merely seeking relief from default and an extension of
    time to plead would not constitute a "general appearance" under California law.  See
24  Blank v. Kirwan, 39 Cal. 3d at 333; Cal. Code Civ. Proc. § 418.10(d).  Even if section
    410.50 were applicable, a general appearance made after entry of default does not
25  constitute a waiver of defects in the service of summons and does not retroactively cure
    defective service; thus, the court's jurisdiction over CBR was not retroactive back to the
26  date of the irregular service on February 2, 2012.  See In re Marriage of Smith, 135 Cal.
    App. 3d 543, 553-54 (Cal. Ct. App. 1982).

27  [2] The pleadings and papers thus far filed in this action with the San Diego County Superior
    Court consist of the Summons and Complaint attached hereto as Exhibits A and B,
28                                                              (continued...)

1   Notice, CBR will file a Notice to Adverse Party of Removal of Case to Federal Court with

2   the Clerk of the Superior Court of the State of California for the County of San Diego (the

3   "Clerk"), notifying the Clerk of CBR's removal of the State Court Action to this Court, and

4   attaching a copy of this Notice (without exhibits).  Attached as Exhibit J is a copy of the

5   Notice to Adverse Party of Removal of Case to Federal Court (without attachments), which

6   will be promptly filed with the Clerk and served on Plaintiff's counsel.  A copy of the

7   certificate of service of the Notice to Adverse Party of Removal of Case to Federal Court to

8   Plaintiff and the Clerk are filed concurrently herewith.

9   II.   VENUE

10       20.   Because the United States District Court for the Southern District of

11   California encompasses the County of San Diego – i.e., the place where the State Court

12   Action is presently pending – removal to the United States District Court for the Southern

13   District of California is proper under 28 U.S.C. § 1441(a).

14   III.   BACKGROUND

15       21.   Plaintiff's Complaint alleges that CBR "negligently created, maintained,

16   preserved, stored, abandoned or disposed of Plaintiff's and the Class members' confidential

17   medical and financial information which resulted in the negligent release of their

18   confidential medical and financial information...."  Compl. ¶ 6.  Plaintiff's complaint

19   alleges the following claims, which are denominated as six causes of action:  (1) Violations

20   of California Civil Code sections 56, *et seq.*;  (2) Invasion of Privacy (California

21   Constitution); (3) Invasion of Privacy (Common Law); (4) Violation of California Civil

22   Code section 1798.81.5; (5) Violation of California Civil Code section 1798.82; and

23

24   ─────────────────────

     (...continued)

25   respectively; the Civil Case Cover Sheet as Exhibit C; the Notice of Case Assignment as
     Exhibit D; the Proof of Service of Summons as Exhibit E; the Certificate of Service as

26   Exhibit F; the Request for Entry of Default (Default entered on March 13, 2012) attached
     hereto as Exhibit G; the Stipulation and Order Vacating Entry of Default and Setting

27   Time for Defendant to Respond to the Complaint attached hereto as Exhibit H; and the
     Notice of Stipulation and Order Vacating Entry of Default and Setting Time for

28   Defendant to Respond to the Complaint as Exhibit I.

1   (6) Violation of California Business and Professions Code sections 17200, *et seq.*  Plaintiff

2   seeks "nominal damages of ($1,000) per violation for Plaintiff and each member of the

3   Class pursuant to Civil Code section 56.36(b)(1);" "actual damages;" "general damages;"

4   "special damages;" "exemplary or punitive damages;" "restitution"; and a permanent

5   injunction enjoining CBR "from disclosing each Class members' personal medical

6   information without prior written authorization of each Class member, as required by the

7   Confidentiality of Medical Information Act, Civil Code sections 56 *et seq.*"  Compl., pp.

8   18-19, ¶¶ 1-14.  Plaintiff further seeks "attorney's fees," "costs of the suit" and

9   "prejudgment interest at the legal rate." Id. at p. 19, ¶¶ 16-19.  Plaintiff "expressly

10  disclaims that she is seeking a class-wide recovery for personal injuries attributable to

11  Defendant's conduct." Id. at ¶ 15.

12  IV.    THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

13         22.    This action is removable under CAFA.  CBR has satisfied all of the

14  procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United

15  States District Court for the Southern District of California pursuant to 28 U.S.C. § 1453.

16         23.    CAFA "vests original jurisdiction for class actions in federal court where

17  there is minimal diversity and the amount in controversy exceeds $5,000,000." Bush v.

18  Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 1995); 28 U.S.C. § 1332(d).  The alleged

19  claims of the purported class members are aggregated in order to determine whether the

20  amount-in-controversy requirement has been satisfied.  28 U.S.C. § 1332(d)(2).  Under

21  CAFA, the burden of establishing jurisdiction rests with the removing party. Lowdermilk

22  v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007).  As explained below, CBR has

23  met its burden to satisfy the requirements for diversity jurisdiction under CAFA, 28 U.S.C.

24  § 1332(d)(2).

25  A.    Class Action

26         24.    This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B).

27  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules

28  of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action

1   to be brought by 1 or more representative persons as a class action." Id.  Plaintiff

2   characterizes her action as a "CLASS ACTION" (see Caption Page of Complaint) and

3   alleges that she brings it "on her own behalf and on behalf of all other persons similarly

4   situated." Compl. ¶ 15.  Plaintiff further clarifies that "The putative class that Plaintiff

5   seeks to represent is composed of:  All former and current CBR Systems, Inc. members[3]

6   from whom Defendant CBR Systems, Inc. created, maintained, preserved or stored

7   individually identifiable medical information prior to February 14, 2011." Id.  Plaintiff

8   excludes from the class "natural persons who are directors, officers, and employees of the

9   Defendant." Id.  As such, this suit is brought as a "class action" within the meaning of

10  CAFA.

11          B.      Minimal Diversity

12          25.     At the time this lawsuit was filed, and as of the date of this Notice, at least

13  one member of the proposed plaintiff class was and is a citizen of a different state from

14  CBR, thereby satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

15                  1.      CBR is a Citizen of Delaware and California

16          26.     A corporation is a citizen of (1) the state under whose laws it is organized or

17  incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).

18          27.     A corporation's "principal place of business" has been defined by the United

19  States Supreme Court, as follows:

20          We conclude that "principal place of business" is best read as the
            corporations "nerve center" referring to the place where a corporation's
21          officers direct, control, and coordinate the corporation's activities. It is the
            place that Courts of Appeals have called the corporation's "nerve center."
22          And in practice it should normally be the place where the corporation
            maintains its headquarters—provided that the headquarters is the actual
23          center of direction, control, and coordination, i.e., the "nerve center," and not
            simply an office where the corporation holds its board meetings (for
24          example, attended by directors and officers who have traveled there for the
            occasion)."

25  _____

26  [3] Plaintiff's Complaint alleges that she "enrolled as a *member* of Defendants Cord Blood
    Storage program" (Compl. ¶ 30) and refers to herself and other members of the putative
27  class as "CBR Systems, Inc. *members*." (Compl. ¶ 15).  To avoid confusion, although
    CBR typically refers to its customers as "clients," it has used the term "members" in lieu
28  of "clients" herein.

1    Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010).

2         28.    At the time this lawsuit was filed and as of the date of this Notice, CBR was

3    and is a Delaware corporation, as it was incorporated in Delaware.  See Declaration of

4    Ryan Southwick ("Southwick Decl.") ¶ 3; Exhibit A.  Mr. Southwick is Senior Manager

5    Information Technology of CBR.  Southwick Decl. ¶ 1.

6         29.    In addition, CBR has its principal place of business in California.  CBR is

7    headquartered in San Bruno, California, and this headquarters is the primary center of

8    direction, control and coordination of CBR's activities.  Compl. ¶11; Southwick Decl. ¶ 3.

9         30.    Consequently, CBR is a citizen of Delaware and California for purposes of

10   diversity jurisdiction.

11        2.    The Putative Class Includes At Least One Citizen Diverse to CBR

12        31.    Plaintiff brings this class on behalf of "[a]ll former and current CBR

13   Systems, Inc. members from whom Defendant CBR Systems, Inc. created, maintained,

14   preserved or stored individually identifiable medical information prior to February 14,

15   2011." Compl. ¶ 15.  Plaintiff specifically alleges that "CBR collects personal medical

16   information from all Class members by requiring each Class member to fill out an extensive

17   'Medical and Health History Profile'." Compl. ¶¶ 17, 30.  Each CBR member is required to

18   provide a "Medical and Health History Profile" ("Profile"), containing various categories of

19   personal information.  See Southwick Decl. ¶ 4 and Exhibit B.  CBR has determined that its

20   databases contain Profile information from more than 5001 current or former members who

21   enrolled between January 1, 2007 and February 13, 2011.  Southwick Decl. ¶ 5.  Thus,

22   without conceding the accuracy of Plaintiff's allegations, the appropriateness of class

23   certification, the viability of Plaintiff's class definition, the validity of any of Plaintiff's

24   claims or any liability whatsoever on the part of CBR for any of Plaintiff's claims, the

25   putative class, as alleged by Plaintiff, encompasses at least 5001 current and former CBR

26   members.  See Southwick Decl. ¶ 5.  Of the over 5001 putative class members, only

27   approximately 19.6% reside in California and approximately 0.3% are residents of

28   Delaware.  Southwick Decl. ¶ 7.  Thus, approximately 80% of current and former members

1   from whom CBR collected Profile information between January 1, 2007 and February 13,

2   2012 were residents of states other than California or Delaware. Id.

3         32.    State citizenship for natural persons is determined by state of domicile, not

4   state of residence. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

5   Persons are domiciled in the places they reside with the intent to remain or to which they

6   intend to return. Id. "An individual's manifestation of intent to remain in a location is

7   gauged by various objective factors including where the individual resides, is employed,

8   has assets, is registered to vote, seeks medical treatment, has a driver's license, banks, and

9   pays state taxes." Smith v. Simmons, 2008 WL 744709 at *8 (E.D. Cal., Mar 18, 2008)

10   (citing Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986)).

11         33.    Notably, however, proof that a party is a resident of a particular state

12   constitutes prima facie evidence that the plaintiff is a citizen of the state. See 1 Fed. Proc.,

13   Lawyers Ed., § 1:339 (2008) ("The proof of residence of a party in a particular state is

14   prima facie evidence that the party is a citizen of the state. Such proof shifts the burden of

15   showing that the domicile of the party is other than the place of that party's residence to the

16   party who alleges the existence of a different domicile.") (citing Kelleam v. Maryland

17   Casualty Co. of Baltimore, Md., 112 F.2d 940, 943 (10th Cir. 1940) (it is presumed that a

18   person's current residence is also his domicile), rev'd on other grounds, 312 U.S. 377

19   (1941)); accord, Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1952) cert. denied,

20   343 U.S. 941 (1952), rehearing en banc denied, 198 F.2d 790 (9th Cir. 1952), remanded for

21   further proceeding, 345 U.S. 932 (1953), rehearing denied 205 F.2d 937 (9th Cir. 1953),

22   cert. denied, 346 U.S. 874 (1953) ("Proof of residence in a state is usually thought prima

23   facie evidence of domicile sufficient to shift the burden of proof"); BrandAid Mktg.

24   Corp. v. Biss, No. 03 Civ. 5698 WHP, 2003 WL 21998972 (S.D.N.Y., Aug. 21, 2003) (an

25   individual's residence at the time a lawsuit is commenced provides prima facie evidence of

26   his domicile).

27         34.    Based on the class as alleged in Plaintiff's Complaint, approximately 80% of

28   the putative class members are residents of states other than California. This constitutes

1   prima facie evidence that such persons are also "citizens" of a state other than California.

2   1 Fed. Proc., L. Ed. § 1:339, supra.

3        35.   In addition, CBR has submitted a declaration from one of its members, who

4   enrolled prior to February 14, 2012 and provided CBR with Profile information, and who

5   attests to her citizenship in a state other than California or Delaware.  See Declaration of

6   Yael Niv ("Niv Decl.").

7        36.   As Plaintiff has alleged that the type of information contained on the

8   Medical and Health History Profile, e.g., name, address, telephone number and member

9   responses to the Profile questions constitutes "medical information" Ms. Niv is a class

10   member pursuant to Plaintiff's class definition:  "All former and current CBR Systems, Inc.

11   members from whom Defendant CBR Systems, Inc. created, maintained, preserved or

12   stored individually identifiable medical information prior to February 14, 2011."  See

13   Compl. ¶¶ 15, 27; Niv Decl. ¶ 1.

14        37.   Ms. Niv is a citizen of the state of New York, as defined under California

15   law, as she lived in New York and the time of her enrollment, lives there currently, and

16   considers New York her home.  Niv Decl. ¶ 4.  Ms. Niv also pays New York state taxes, her

17   children are enrolled in daycare in New York, she is a member of the Board of a New York

18   mothers' organization called Bowery Babes, and she has a New York driver's license.  Id.

19   Moreover, Ms. Niv has lived in New York for over five years and currently has no intention

20   of changing her home state of residence.  Niv Decl. ¶ 5.  As Ms. Niv is not a director,

21   officer or employee of CBR, she would not be excluded from Plaintiff's putative class.  See

22   Compl. ¶ 15; Niv Decl. ¶ 2.  Accordingly, Ms. Niv is a member of Plaintiff's alleged

23   putative class, whose citizenship is completely diverse from that of CBR, the sole named

24   Defendant.

25        38.   Based on the above facts and legal authorities, the diversity requirement of

26   28 U.S.C. § 1332(d)(2)(A) is satisfied.

27

28

703690791v2                  - 12 -        NOTICE OF REMOVAL OF ACTION PURSUANT TO
                                            28 U.S.C. §§ 1332(d) AND 1453,
                                            Case No. _____

1    39.    In addition, removal is not precluded by the exceptions of 28 U.S.C. §§

2    1332(d)(3) or 1332(d)(4), as less than one third of all putative class members are residents

3    of California.  See Southwick Decl. ¶¶ 7-8.

4    C.    Amount in Controversy

5    40.    Under CAFA, the removing party bears the burden of establishing removal

6    jurisdiction, including CAFA's requirement that the amount in controversy exceed $5

7    million.  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682-683, 685-86 (9th Cir.

8    2006).  "The district court may consider whether it is 'facially apparent' from the complaint

9    that the jurisdictional amount is in controversy."  Singer v. State Farm Mut. Auto. Ins. Co.,

10    116 F.3d 373, 377 (9th Cir. 1997).  See also, Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th

11    Cir. 1992) (where the complaint does not specify the amount of damages sought, the

12    removing defendant must prove by a preponderance of the evidence that the amount in

13    controversy requirement has been met); Sanchez v. Monumental Life Ins. Co., 102 F.3d

14    398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence that it is

15    'more likely than not' that the amount in controversy" satisfies the federal diversity

16    jurisdictional amount requirement); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701

17    (9th Cir. 2007) (where "the complaint fails to allege a sufficiently specific total amount in

18    controversy….we therefore apply the preponderance of the evidence burden of proof to the

19    removing defendant.").  Courts have established that "[s]aid burden is not 'daunting,' as

20    courts recognize that under this standard, a removing defendant is *not* obligated to

21    'research, state, and prove the plaintiff's claims for damages.'"  McCraw v. Lyons, 863

22    F.Supp. 430, 434 (W.D. Ky. 1994) (emphasis in original).

23    41.    "In measuring the amount in controversy, a court must assume that the

24    allegations of the complaint are true and that a jury will return a verdict for the plaintiff on

25    all claims made in the complaint."  Korn v. Polo Ralph Lauren Corp., 536 F.Supp.2d 1199,

26    1205 (E.D. Cal. 2008) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,

27    199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).  CAFA "does not make federal jurisdiction

28    depend on how much the plaintiff is sure to recover," but rather the question is what

1    amount is actually "in controversy." Spivey v. Vertrue, Inc., 528 F.3d 982 (7th Cir. 2008).

2    "This is a pleading requirement, not a demand for proof." Id.   Ultimately, the proponent of

3    federal jurisdiction must explain "plausibly" how the stakes exceed $5 million. Id., (citing

4    Bell Atl. Corp. v. Twombly, 500 U.S. 544 (2007)).   "The ultimate inquiry is what amount is

5    put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."

6    Korn, at 536 F.Supp.2d 1205 (citing Rippee v. Boston Market Corp., 408 F.Supp.2d 982,

7    986 (S.D. Cal. 2005) (emphasis in original)).   See also, Korn, 536 F.Supp.2d at 1205 (citing

8    Scherer v. Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 399 (2d Cir.

9    2003) (recognizing that the ultimate or provable amount of damages is not what is

10   considered when determining the amount in controversy; rather, it is the amount put in

11   controversy by the plaintiff's complaint)).

12         42.    In Saulic v. Symantec Corp., 2007 WL 5074883 (C.D.Cal., Dec 26, 2007),

13   defendants removed plaintiff's state court action to the Central District of California under

14   CAFA notwithstanding that plaintiff's complaint failed to allege a specific amount in

15   controversy. Saulic, at *1.   However, the plaintiff did seek statutory penalties "in the

16   amount of $1,000 for Plaintiff and each person similarly situated." Id. at *6.   The court

17   held that in such case, when the complaint "does not specify the amount of damages sought

18   and is removed subject to CAFA, the burden is on the removing defendant to prove by a

19   preponderance of the evidence that the amount in controversy requirement has been met."

20   Id. at *7, citing Abrego Abrego, 443 F.3d at 683; Sanchez, 102 F.3d at 398; accord,

21   Guglielmino, 506 F.3d at 699.   The court clarified that in cases such as this, when the civil

22   penalty identified in a statute is requested by plaintiff and plaintiff does not stipulate that he

23   will demand less than the maximum penalty, a "defendant must simply show there are at

24   least 5,001 putative class claims in order to prove the amount in controversy exceeds

25   $5,000,000." Id. at *8.   Thus, when defendant was able to show by declaration that "in

26   excess of 5001" purchases met the criteria of plaintiff's class definition, such declaration

27   was held sufficient, when coupled with plaintiff's claim for the maximum statutory civil

28   penalty of $1,000, to satisfy CAFA's amount in controversy requirement of at least

1    $5,000,000.  Id. at *9; see also Korn, 536 F.Supp.2d at 1206 (holding that amount in

2    controversy requirement was satisfied by the preponderance of the evidence when plaintiff

3    sought statutory damages of "up to $1000 per violation" and defendant established that

4    there were at least 5,001 putative class claimants).

5         43.    As in Saulic, the Complaint here does not allege a specific amount in

6    controversy.  Although the Complaint alleges that the "amount in controversy as to the

7    Plaintiff and each individual Class member does not exceed $75,000.00, including interest

8    and any pro rata award of attorneys' fees, costs and damages," the Complaint fails to allege

9    that the aggregate amount in controversy for the Plaintiff and all Class members does not

10   exceed $75,000.  Compl. ¶ 9.  Instead, Plaintiff alleges only that the aggregated amount of

11   damages incurred by Plaintiff and the Class exceeds $25,000.  Id.  Accordingly, CBR must

12   demonstrate that it is "more likely than not" that the amount in controversy exceeds

13   $5 million.  Sanchez, 102 F.3d at 404.  Notably, if the Court accepts the Complaint's

14   allegations as true, it is apparent that if there are more than 5001 putative class members,

15   the aggregated amount in controversy exceeds $5 million, exclusive of interests and costs,

16   thereby satisfying the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).

17        44.    The Complaint seeks certification of a putative class of "[a]ll former and

18   current CBR Systems, Inc. members from whom Defendant CBR Systems, Inc. created,

19   maintained, preserved or stored individually identifiable medical information prior to

20   February 14, 2011."  Compl. ¶ 15.  Plaintiff alleges that CBR negligently abandoned and

21   released "Plaintiff and the Class members' unprotected medical information" without prior

22   written authorization in violation of Civil Code § 56.101."  Id. at ¶ 37.  Plaintiff alleges that

23   she, "like every other Class member, was exposed to virtually identical conduct and is

24   entitled to nominal damages of one thousand ($1,000) per violation pursuant to Civil Code

25   § 56.36(b)(1)," among other damages.  Id. at ¶ 19.  Plaintiff seeks the $1,000 nominal

26   damages for herself and "each member of the Class."  Id. at p. 18, ¶1.  Thus, Plaintiff's

27   requested relief places the amount in controversy above $5 million, as demonstrated by the

28   fact that the class, as defined by Plaintiff, consists of over 5001 persons, and Plaintiff seeks

1   statutory damages of $1000 on behalf of every member of the class.  See Southwick Decl.

2   ¶ 6.

3        45.     Accordingly, CBR has demonstrated that it is "more likely than not" that the

4   amount in controversy exceeds $5 million as required by 28 U.S.C. § 1332(d)(2).

5        D.      Number of Proposed Class Members

6        46.     As required by 28 U.S.C. § 1332(d)(5)(B), the number of members of the

7   proposed class is at least 100 persons.  Although CBR denies that Plaintiff's claims can be

8   certified as a class action, the Complaint alleges that "the Class is so numerous that joinder

9   of all members in a single action would be impractical . . .").  Furthermore, the number of

10  persons defined by Plaintiff as members of the putative class far exceeds 100, as CBR has

11  over 5001 members from whom CBR obtained and stored Profile information prior to

12  February 14, 2011.  Southwick Decl. ¶ 5.  As Plaintiff has alleged that the type of

13  information contained on the Medical and Health History Profile (e.g., name, address, birth

14  date, social security number, and member responses to the Profile questions) constitutes

15  "individually identifiable medical information" such persons would be class members

16  pursuant to Plaintiff's class definition:  "All former and current CBR Systems, Inc.

17  members from whom Defendant CBR Systems, Inc. created, maintained, preserved or

18  stored individually identifiable medical information prior to February 14, 2011."  See

19  Compl. ¶¶ 15, 30.

20  V.   DEMAND FOR JURY TRIAL

21       CBR hereby demands trial by jury on all issues so triable.

22  Dated: May 7, 2012.

23                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                JOSEPH R. TIFFANY II
24                              CONNIE J. WOLFE
                                ESTHER YEU
25

26                              By  s/ Connie J. Wolfe
                                      Connie J. Wolfe
27                                  Attorneys for Defendant
                                    CBR SYSTEMS, INC.
28                              email:  connie.wolfe@pillsburylaw.com