Patrick N. Keegan, Esq. (SBN 167698)
**KEEGAN & BAKER, LLP**
6870 Embarcadero Lane
Carlsbad, California 92011
Telephone: (760) 929-9303
Facsimile: (760) 929-9260

Attorney for Plaintiff
EILEEN JOHANSSON-DOHRMANN

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

EILEEN JOHANSSON-DOHRMANN, on behalf of herself, all other persons similarly situated and the general public,

Plaintiff,

vs.

CBR SYSTEMS, INC., a California corporation; and DOES 1 through 100, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 12-cv-1115-MMA (BGS)

**FIRST AMENDED CLASS ACTION COMPLAINT FOR CIVIL PENALTIES, DAMAGES, AND INJUNCTIVE RELIEF (FOR VIOLATIONS OF CIVIL CODE §§ 56, *ET SEQ.*; INVASION OF PRIVACY; CIVIL CODE §§ 1798.80, *ET. SEQ.*; BREACH OF CONTRACT; AND BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*)**

Plaintiff, Eileen Johansson-Dohrmann (or "Plaintiff"), by her attorneys, individually and on behalf of others similarly situated, alleges upon personal knowledge as to herself and her acts stated herein, and as to all other matters upon information and belief as follows:

# I.
# INTRODUCTION

1.      In the "Personal Data Privacy and Security Act of 2011" bill, Congress found, *inter alia,* that "(1) databases of personally identifiable information are increasingly prime targets of hackers, identity thieves, rogue employees, and other criminals, including organized and sophisticated criminal operations; (2) identity theft is a serious threat to the Nation's economic stability, homeland security, the development of e-commerce, and the privacy rights of Americans; (3) over 9,300,000 individuals were victims of identity theft in America last year; (4) security breaches are a serious threat to consumer confidence, homeland security, e-commerce, and economic

1  stability; (5) it is important for business entities that own, use, or license personally identifiable

2  information to adopt reasonable procedures to ensure the security, privacy, and confidentiality of that

3  personally identifiable information; [and] (6) individuals whose personal information has been

4  compromised or who have been victims of identity theft should receive the necessary information

5  and assistance to mitigate their damages and to restore the integrity of their personal information and

6  identities."   Additionally, medical identity theft is a serious information crime that has had

7  substantial consequences on patient well-being, often affects the accuracy of patient medical records,

8  and can impact victims' finances.  *See* Pam Dixon, <u>Medical Identity Theft: The Information Crime</u>

9  <u>that Can Kill You</u>, The World Privacy Forum, May 3, 2006, at p. 12.  "Victims of medical identity

10  theft may receive the wrong medical treatment, find their health insurance exhausted, and could

11  become uninsurable for both life and health insurance coverage.  They may fail physical exams for

12  employment due to the presence of diseases in their health record that do not belong to them." *Id.*

13  at 6.

14        2.      This class action is brought on behalf of all persons whom Defendant CBR Systems,

15  Inc. ("CBR" or "Defendant") created, maintained, preserved and stored confidential individually

16  identifiable medical information and financial information on its laptop, external hard drive, USB

17  Key, Dell barcodes, and LTO4 Tapes and thereafter negligently abandoned and released to unknown

18  persons on December 13, 2010.  As more fully set forth herein, this action seeks damages, injunctive

19  relief, attorneys' fees and costs of this suit for Plaintiff and each Class (defined *infra*) member.

20        3.      Prior to December 13, 2010, Defendant created, maintained, preserved, and/or stored

21  Plaintiff's and the Class' unencrypted individually identifiable information onto its computer

22  equipment and computer backup tapes, including a Cord Blood Registry® laptop, an external hard

23  drive, a USB Key, a Dell barcodes, and LTO4 Tapes.  Plaintiff's and the Class members'

24  unencrypted individually identifiable information recorded onto CBR's laptop, external hard drive,

25  USB Key, Dell barcodes, and LTO4 Tapes included or contained an element of personal identifying

26  information sufficient to allow identification of the individual, such as Plaintiff's and the Class

27  members' name, date of birth, medical record number, address, electronic mail address, telephone

28  number, Social Security number, credit/debit card information, or other information that, alone or

in combination with other publicly available information, reveals Plaintiff's and the Class members' identity.  On or about December 13, 2010, an unknown person took and came into the possession of CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes from CBR's San Bruno, California offices containing Plaintiff's and the Class' unencrypted individually identifiable information, including their "name, Social Security number, driver's license number, credit card information, and/or credit card expiration date."  On December 13, 2010, an unknown person left CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes which contained a combination of Plaintiff's and the Class' name, Social Security number, driver's license number, credit card information, and/or credit card expiration date in an unattended vehicle located at 365 Main Street, San Francisco, California.  On December 13, 2010, an unknown person stole and came into the possession of CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes which contained a combination of Plaintiff's and the Class' name, Social Security number, driver's license number, credit card information, and/or credit card expiration date from the unattended vehicle located at 365 Main Street, San Francisco, California.  Defendant thereby allowed a number of persons to gain unauthorized access to Defendant's computer equipment and backup tapes which contained Plaintiff's and the Class' confidential medical and financial information constituting a release of such information, in violation of the Confidentiality of Medical Information Act, California Security Notification Laws, and California's Unfair Competition Laws, and constituting an invasion of Plaintiff's and the Class' right to privacy.  Moreover, Defendant's delay in notifying Plaintiff and the Class members of the release of their personal medical and financial information to such unknown persons without their authorization caused Plaintiff and the Class not to receive the necessary information and immediate assistance to mitigate their damages and to restore the integrity of their personal information and identities.  Furthermore, the release of Plaintiff's and the Class members' unencrypted individually identifiable information has caused Plaintiff and the Class to be further injured by having to obtain and/or purchase identity theft insurance and/or expend money to mitigate their damages and to restore the integrity of their personal information and identities.  As set forth more fully herein, Plaintiff has been further injured and suffered damages in the form of her purchase of an identity theft insurance product and expending time and money to

1   monitor her credit as a result of Defendant's negligent conduct resulting in unencrypted release of

2   Plaintiff's personal medical and financial information to unauthorized persons.

3       4.    Under the Confidentiality of Medical Information Act, Civil Code §§ 56 *et seq.*

4   (hereinafter the "Act"), Plaintiff and all other persons similarly situated had a right to keep private

5   their personal medical information provided to Defendant.  The short title of the Act states, "[t]he

6   Legislature hereby finds and declares that persons receiving health care services have a right to

7   expect that the confidentiality of individual identifiable medical information derived by health

8   service providers be reasonably preserved. It is the intention of the Legislature in enacting this act,

9   to provide for the confidentiality of individually identifiable medical information, while permitting

10   certain reasonable and limited uses of that information."  The Act specifically provides that "**[e]very**

11   **provider of health care**, health care service plan, pharmaceutical company, or contractor who

12   creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so

13   in a manner that preserves the confidentiality of the information contained therein.  Any provider of

14   health care, health care service plan, pharmaceutical company, or contractor who negligently creates,

15   maintains, preserves, stores, abandons, destroys, or disposes of medical records shall be subject to

16   the remedies ... provided under subdivision (b) ... of Section 56.36." (Emphasis added) Civil Code

17   § 56.101.

18       5.    Pursuant to Civil Code § 56.05(j), "Provider of Health Care" means any person

19   licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and

20   Professions Code; any person licensed pursuant to the Osteopathic Initiative Act or the Chiropractic

21   Initiative Act; any person certified pursuant to Division 2.5 (commencing with Section 1797) of the

22   Health and Safety Code; any clinic, health dispensary, or health facility licensed pursuant to Division

23   2 (commencing with Section 1200) of the Health and Safety Code.  Pursuant to Civil Code §

24   56.05(c), a "Contractor" means any person or entity that is a medical group, independent practice

25   association, pharmaceutical benefits manager, or a medical service organization and is not a health

26   care service plan or provider of health care.  Defendant is a "provider of health care" and a

27   "contractor" within the meaning of Section 56.05.  Defendant is licensed by the state of California

28   in accordance with Division 2, Chapter of the Health and Safety Code, to deliver or furnish health

1   care services.

2         6.     Pursuant to Civil Code § 56.05(g), "Medical information" means "any individually

3   identifiable information, in electronic or physical form, in possession of or derived from a...health

4   care service plan...regarding a patient's medical history, mental or physical condition, or treatment.

5   'Individually Identifiable' means that the medical information includes or contains any elements of

6   personal identifying information sufficient to allow identification of the individual, such as the

7   patient's name, address, electronic mail address, telephone number, or social security number, or

8   other information that, alone or in combination with other publicly available information, reveals

9   the individual's identity."   As alleged more fully below, Defendant's computer backup tapes

10  contained Plaintiff's "name, social security number, driver's license number, credit card information,

11  and/or credit card expiration date," and thus contained individually identifiable medical information

12  pursuant to Civil Code § 56.05(g).

13        7.     Pursuant to Civil Code § 1798.80, "Personal Information" means "any information

14  that identifies, relates to, describes, or is capable of being associated with, a particular individual,

15  including, but not limited to, his or her name, signature, social security number, physical

16  characteristics or description, address, telephone number, passport number, driver's license or state

17  identification card number, insurance policy number, education, employment, employment history,

18  bank account number, credit card number, debit card number, or any other financial information,

19  medical information, or health insurance information."   Pursuant to Civil Code § 1798.81.5(a),

20  "owns or licenses" is intended to include, but is not limited to, personal information "that a business

21  retains as part of the business' internal customer account or for the purpose of using that information

22  in transactions with the person to whom the information relates."   Plaintiff contends that Defendant

23  negligently owned or licensed Plaintiff's and the Class' personal information within the meaning of

24  Civil Code § 1798.80.   Because Defendant failed to encrypt its members' Personal information, and

25  failed to otherwise establish proper access restrictions to such information, unknown persons were

26  able to gain unauthorized access to Defendant's computer which contained Plaintiff's and the Class'

27  personal information.

28        8.     As alleged more fully below, Defendant negligently created, maintained, preserved,

1   stored, abandoned, or disposed of Plaintiff's and the Class members' confidential medical and

2   financial information which resulted in the negligent release of their confidential medical and

3   financial information, in violation of the Section 56.101 of the Act.   Because Civil Code § 56.101

4   allows for the remedies and penalties provided under subdivisions (b) and (c) of § 56.36, Plaintiff,

5   individually and on behalf of others similarly situated, seeks injunctive relief, nominal damages of

6   one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages

7   per violation pursuant to Civil Code § 56.36(b)(2).

8        9.      As alleged more fully below, Plaintiff and the Class also allege that they are entitled

9   to damages pursuant to Civil Code §§ 1798.81.5; 1798.84 because Defendant did not maintain

10  reasonable and appropriate security procedures and practices, resulting in the dissemination of their

11  personal information.  Plaintiff and the Class are also entitled to damages pursuant to Civil Code §§

12  1798.82 and 1798.84 because Defendant did not disclose the breach in the security of its data in the

13  most expedient time possible and without reasonable delay.

14       10.     This class action arises from Defendant's negligent failure to properly create,

15  maintain, preserve, store, and abandon Plaintiff and the Class' medical records resulting in violations

16  of Plaintiff's and the Class' rights, thereby constituting violations of the Civ. Code §§ 56 *et seq*., Civ.

17  Code § 1798.80 *et. seq.*, violations of Business and Professions Code §§ 17200 *et seq*., and

18  constitutional and common law invasions of privacy, and breach of contract.  Plaintiff does not seek

19  any relief greater than or different from the relief sought for the Class of which Plaintiff is a member.

20  The action, if successful, will enforce an important right affecting the public interest and would

21  confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons.  Private

22  enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to

23  Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

## II.
## JURISDICTION AND VENUE

24

25       11.     In its Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d) and 1453 (Class

26  Action Fairness Act of 2005) (Docket No. 1), Defendant alleges that this Court has jurisdiction over

27  this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), because this is a class

28  action in which (i) the proposed class consists of more than 100 members; (ii) at least one member

of the proposed class is citizen of a state different from any defendant and less than one third of the members of the proposed class are residents of California; and (iii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

12.    In its Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d) and 1453 (Class Action Fairness Act of 2005) (Docket No. 1), Defendant alleges "[b]ecause the Untied States District Court for the Southern District of California encompasses the County of San Diego - i.e., the place where the State Court Action is presently pending - removal to the United States District Court for the Southern District of California is proper under 28 U.S.C. § 1441(a)."

### III.
### PARTIES

**A.    PLAINTIFF**

13.    Plaintiff Eileen Johansson-Dohrmann is an adult  resident of San Diego County, California, and at all times relevant, Plaintiff was an individual residing within the State of California.  Prior to July 9, 2009, a "patient" of CBR, as defined by Civil Code § 56.05(g). Specifically, Plaintiff paid for and received health care services in the form of the storage of the blood of her umbilical cord by CBR, a provider of health care  as defined by Civil Code § 56.05(j) and a "contractor" as defined by Civil Code  § 56.05(c).  Plaintiff provided Defendant with her confidential information, including but not limited to her name, address, telephone number, health information, Social Security number, and financial information.  Prior to December 13, 2010, Defendant created, maintained, preserved, and/or stored Plaintiff's unencrypted individually identifiable information onto its computer equipment and computer backup tapes, including a Cord Blood Registry® laptop, an external hard drive, a USB Key, a Dell barcodes, and LTO4 Tapes. Plaintiff's unencrypted individually identifiable information recorded onto CBR's computer equipment and computer backup tapes, including CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes negligently abandoned and released on December 13, 2010, included or contained an element of personal identifying information sufficient to allow identification of the individual, such as Plaintiff's name, date of birth, medical record number, address, electronic mail address, telephone number, Social Security number, credit/debit card information, or other information that, alone or in combination with other publicly available information, reveals

1    Plaintiff's identity.  Specifically, on or about December 13, 2010, an unknown person took and came

2    into the possession of CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes

3    from CBR's San Bruno, California offices containing Plaintiff's unencrypted individually

4    identifiable information, including her "name, Social Security number, driver's license number,

5    credit card information, and/or credit card expiration date."  On December 13, 2010, an unknown

6    person left CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes which

7    contained a combination of Plaintiff's name, Social Security number, driver's license number, credit

8    card information, and/or credit card expiration date in an unattended vehicle located at 365 Main

9    Street, San Francisco, California.  On December 13, 2010, an unknown person stole and came into

10   the possession of CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes

11   which contained a combination of Plaintiff's name, Social Security number, driver's license number,

12   credit card information, and/or credit card expiration date from the unattended vehicle located at 365

13   Main Street, San Francisco, California.   Plaintiff was not made aware of the release of her

14   unencrypted individually identifiable information until she received Defendant's form letter dated

15   February 14, 2011.  On or about February 16, 2011, Plaintiff received a letter from David Zitlow,

16   Executive Vice President, External Affairs of Cord Blood Registry®, dated February 14, 2011,

17   informing her for the first time of a "recent theft of CBR computer equipment and computer backup

18   tapes." In this letter, Defendant failed to inform Plaintiff and the Class when the computer was

19   stolen.  Defendant therefore inexplicably waited *over two months* to send Plaintiff a letter notifying

20   her of the theft of Plaintiff's identity, leaving Plaintiff without the necessary information and

21   immediate assistance to mitigate her damages and to restore the integrity of her personal information

22   and identity. Since receipt of Defendant's February 14, 2011 letter, Plaintiff has spent time and

23   money to monitor her credit and to mitigate her damages and to restore the integrity of her personal

24   information and identity.  Moreover, Plaintiff has and continues to spend time and money to monitor

25   her credit and  to mitigate her damages and to restore the integrity of her personal information and

26   identity after the expiration of Defendant's offer to Plaintiff and the Class for 12 months free

27   membership to the Triple Alert credit monitor service.  Specifically, Plaintiff has purchased credit

28   monitoring with LifeLock®, whereby Plaintiff is charged $20.63 a month for the following services:

(a)     Alerts of potential threats, both credit and non-credit related;

(b)     Online access to a personalized dashboard showing current threats;

(c)     Relentless identity monitoring for exposure of personal information;

(d)     Member services with local phone support 24 hours a day, 7 days a week, 365 days a year;

(e)     Comprehensive recovery services;

(f)     Expanded monitoring of personal information across a comprehensive network of databases;

(g)     Enhanced, online reporting of threats;

(h)     Advanced checking and savings account application alerts;

(i)     24/7 online access to your annual Tri-Bureau credit reports and monthly TransUnion score;

(j)     Surveillance of unregulated global networks and file-sharing sites;

(k)     Public record surveillance;

(l)     Payday loan monitoring;

(m)     Daily monitoring of all 3 credit bureau reports; and

(n)     Alerts when contact information changes on existing credit card, checking, and savings accounts.

**B.     DEFENDANT**

14.     Defendant CBR Systems, Inc. is a Delaware corporation with its corporate headquarters in San Bruno, California and "this headquarters is the primary center of direction, control and coordination of CBR's activities." (Declaration of Ryan Southwick, ¶3 [Docket No. 1-12]). Defendant does business under its registered trademark, Cord Blood Registry®. Defendant is licensed by the state of California in accordance with Division 2, Chapter of the Health and Safety Code, to deliver or furnish health care services in the form of the storage of cord blood or cord blood and tissue from mothers' umbilical cords and refers to its customers as "members". Defendant CBR Systems, Inc. is a "Provider of health care" as defined by Civil Code § 56.05(j) and a "contractor" as defined by Civil Code  § 56.05(c), and received money from and provided health care services in the form of the storage of the cord blood or cord blood and tissue of the umbilical cords of Plaintiff

and the Class.  "When a member enrolls to obtain CBR services, the member is required to submit a 'Medical and Health History Profile' ('Profile') form."  (Declaration of Ryan Southwick, ¶4 [Docket No. 1-12]).  "The Profile forms and the information contained therein that CBR obtains from its members are then stored and maintained as part of CBR's business records."  (Declaration of Ryan Southwick, ¶4 [Docket No. 1-12]).  Prior to December 13, 2010, Defendant created, maintained, preserved, and/or stored Plaintiff's and the Class members' unencrypted individually identifiable information onto its computer equipment and computer backup tapes, including a Cord Blood Registry® laptop, an external hard drive, a USB Key, a Dell barcodes, and LTO4 Tapes. Plaintiff's and the Class members' unencrypted individually identifiable information recorded onto its computer equipment and computer backup tapes, including CRB's laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes negligently abandoned and released on December 13, 2010, included or contained an element of personal identifying information sufficient to allow identification of the individual, such as Plaintiff's and the Class members' name, date of birth, medical record number, address, electronic mail address, telephone number, Social Security number, credit/debit card information, or other information that, alone or in combination with other publicly available information, reveals Plaintiff's and the Class members' identity.

**C.    DOE Defendants**

15.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to the Plaintiff, who therefore sues the defendants by such fictitious names under the Code of Civil Procedure § 474. Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Class Action Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES 1 through 100 when such identities become known.  Any reference made to a named defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

**D.    AGENCY/AIDING AND ABETTING**

16.    At all times herein mentioned, defendants, and each of them, were an agent or joint

venturer of each of the other defendant, and in doing the acts alleged herein, were acting with the course and scope of such agency.  Each defendant had actual and/or constructive knowledge of the acts of each of the other defendant, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

17.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other defendant in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV.
## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.  Without prejudice to later revision, the Class and Sub-Class which Plaintiff seeks to represent is composed of:

a.     All former and current CBR Systems, Inc. members from whom Defendant CBR Systems, Inc. created, maintained, preserved, and stored individually identifiable medical information and/or financial information on created, maintained, preserved and stored confidential individually identifiable medical information and financial information on Defendant CBR Systems, Inc.'s laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes that were reported stolen on December 13, 2010 (hereinafter the "Class").

b.     All former and current CBR Systems, Inc. members from whom Defendant CBR Systems, Inc. created, maintained, preserved, and stored individually identifiable medical information prior to February 14, 2011 (hereinafter the "Sub-Class"); and

Excluded from the Class and Sub-Class are the natural persons who are directors, officers, and employees of the Defendant.  Plaintiff expressly disclaims that she is seeking a class-wide recovery for personal injuries attributable to Defendant's conduct.

19.     The members of the Class and Sub-Class are so numerous that joinder of all members is impracticable.  While the exact number of the Class and Sub-Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery including records maintained by Defendant and its agents.

20.     There is a well-defined community of interest among the members of the Class and Sub-Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class and Sub-Class, and Plaintiff can fairly and adequately represent the interests of the Class and Sub-Class.

21.     Common questions of law and fact exist as to all members of the Class and Sub-Class and predominate over any questions affecting solely individual members of the Class and Sub-Class. Among the questions of law and fact common to the Class and Sub-Class are:

(a)     whether each Class member had personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes prior to December 13, 2010;

(b)     whether the abandonment and release of each Class member's personal medical information on Defendant's computer equipment and computer backup tapes on or about December 13, 2010 was without the prior written authorization of each Class member, as required by the Confidentiality of Medical Information Act, Civil Code §§ 56.10, 56.104, and 56.11;

(c)     whether Defendant negligently mishandled each Class member's personal information stored on Defendant's computer equipment and computer backup tapes prior to December 13, 2010 resulting in a negligent release of Plaintiff's and the Class' confidential medical and financial information in violation of Civil Code §56.101;

(d)     whether Defendant implemented and maintained reasonable security procedures and practices to protect the personal medical and financial information from unauthorized access, destruction, use, modification, or disclosure of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes;

(e)     whether Defendant 's unencrypted storage and release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes constitutes violations of Civil Code §§ 1798.80 *et. seq.*;

(f)     whether the timing of Defendant's disclosure of the release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes was in the most expedient time possible and without reasonable dely;

(g)     whether Defendant 's unencrypted storage, abandonment and release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes constitutes an invasion of privacy;

(h)     whether Defendant 's unencrypted storage, abandonment and release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes constitutes a breach of contract; and

(i)     whether Defendant 's unencrypted storage, abandonment and release of each Class member's personal medical and financial information recorded onto Defendant's

computer equipment and computer backup tapes constitutes "unlawful" and/or "unfair" violations of California Business and Professions Code §§ 17200 *et seq.*;

(j)     whether Defendant's representations would be likely to deceive the public into believing that the personal medical and financial information recorded on Defendant's computer equipment and back up tapes was encrypted and/or otherwise properly stored and protected;

(k)     whether Plaintiff, the Class and Sub-Class are entitled to damages, and/or injunctive relief.

22.     Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to nominal damages of one thousand dollars ($1,000) per violation pursuant to Civil Code § 56.36(b)(1), actual damages per violation pursuant to Civil Code §§ 56.36(b)(2), 1798.82, and 1798.84, and damages per violation pursuant to Civil Code § 1798.80 *et. seq.* Plaintiff's claims are typical of those of the other Sub-Class members because Plaintiff was covered by and read and relied upon Defendant's Privacy Policy.

23.     Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class and Sub-Class she seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

24.     The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and Sub-Class, which would establish incompatible standards of conduct for Defendant and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25.     Proper and sufficient notice of this action may be provided to the Class and Sub-Class members through direct mail.

26.     Moreover, the Class and Sub-Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. Absent certification of this

action as a class action, Plaintiff and the members of the Class and Sub-Class will continue to be damaged, thereby allowing Defendant to retain the proceeds of its ill-gotten gains.

**V.**
**SUBSTANTIVE ALLEGATIONS**

27.     CBR  represents on its Internet website www.cordblood.com that "CBR has been the leading innovator in cord blood banking for more than 15 years," and "CBR has saved cord blood stem cells for more than 350,000 newborns."

28.     Every Class and Sub-Class member has enrolled with CBR for storage of Cord Blood or Cord Blood and Tissue and has paid an initial fee for processing, storage, and shipping of Cord Blood or Cord Blood and Tissue.  Currently, the total fee for the "processing, first year storage, and shipping" of Cord Blood for a single birth is $2,195.00 and the total fee for the "processing, first year storage, and shipping" of Cord Blood and Tissue for a single birth is $2,915.00.  In addition to this initial fee, each Class and Sub-Class member is required to pay additional annual storage fees. Currently, additional annual storage fees for Cord Blood for a single birth are $125.00 per year or can be prepaid for 18 years for $1,850.00, and additional annual storage fees for Cord Blood and Tissue for a single birth are $250.00 per year or can be prepaid for 18 years for $3,700.00.

29.     During all relevant time periods, CBR represented to the Class and Sub-Class on its "Privacy Policy" posted on its Internet website that CBR collects personal medical and financial information from all Class and Sub-Class members as follows:

**What personally identifiable information does CBR collect from me?**

...[¶] If you choose to enroll in newborn stem cell banking on our website CBR asks for certain personal information, including your name, address, e-mail, zip code, credit card, phone, and a portion of a government issued identification number as well as certain health-related information such as the expected due date, your health care plan, delivery hospital and doctor or midwife. Once you enroll, you are no longer anonymous to CBR - you are given a CBR ID and are able to take full advantage of CBR's offerings. When you enroll you will also be asked to set a security question, and will be required to provide the answer for authentication purposes when you log in to your account....

30.     In addition, CBR collects personal medical information from all Class and Sub-Class members by requiring each Class and Sub-Class member to provide their name, address, telephone number, e-mail address, Social Security number, and financial information including their credit card number.  Furthermore, CBR collects personal medical information from all Class and Sub-Class

members by requiring each Class and Sub-Class member to fill out an extensive "Medial and Health History Profile" which asks for, *inter alia*, the name, address, and telephone number of the Class and Sub-Class member's OB doctor, along with the address and telephone number of the delivery hospital and the following information:

**Health of Mother:**
Are you in good general health?
Are you currently taking any prescription medications?
Are you having any complication with this pregnancy?
Are you having a planned cesarean delivery?
**In the Past Twelve Months, Have You or the Baby's Father:**
Had any body piercing, a tattoo, an accidental needle stick, or been an intravenous drug uses?
Been exposed to anyone who has been diagnosed with hepatitis?
Been incarcerated in a correctional facility for more than seventy-two hours?
Been diagnosed with or exposed to tuberculosis or been in a malarial endemic country?
Had sexual contact with someone who is HIV positive or at high risk for HIV infection?
Been diagnosed with a sexually transmitted disease?
Had a blood transfusion or undergone an organ transplant?
Please explain any "yes" answers that need further clarification.
**Have You or the Baby's Father Ever:**
Tested positive for hepatitis B or C?
Tested positive for HIV/AIDS?
Tested positive for HTLV-I or II?
Been turned down as a blood donor or been diagnosed with Creutzfeldt-Jacob disease or West Nile virus?
Received human pituitary growth hormone?
Had malaria, Chagas disease, or other parasitic disease?
Had anti-malarial medication or clotting factors for a bleeding disorder?
Had unexplained fever, swollen lymph nodes, or purple sports on your skin?
**Has Anyone in the Maternal or Paternal Family Had:**
Aplastic anemia, thalassemia, Fanconi's anemia, sickle cell anemia, any metabolic/storage disorder, or any other genetic or inherited disorder?
Leukemia, SCID, Wiskott-Aldrich syndrome, or chronic granulomatosis?

31.    During all relevant time periods, CBR represented to the Class and Sub-Class on its "Privacy Policy" posted on its Internet website that it would protect their personal medical and financial information including name, address, telephone number, e-mail address, Social Security number, credit card numbers, and answers to the above described medical and health history profiles, as follows according to its Privacy Policy:

**How does CBR protect my personal, financial, and health-related information? What security precautions are in place to protect the loss, misuse, or alteration of my information?**

[¶] Keeping your personal financial, and health-related information private is important to us. There are several places on the CBR site where you can transmit credit card information in order to complete a purchase transaction or for verification purposes. Anytime we ask for a credit card number we transmit that number in an encrypted format. We use industry-standard, SSL (secure socket layer) encryption.

[¶] Whenever CBR handles personal information, regardless of where this occurs, CBR takes steps to ensure that your information is treated securely and in accordance with this Privacy Policy. We have in place administrative, technical and physical measures aimed at preventing the loss or misuse of the information that you provide to us....

32.     Such representations in CBR's Privacy Policy were false, misleading, and/or had a tendency to deceive the reasonable consumer to believe that CBR had taken reasonable steps to protect the Class' personal medical and financial information when, in fact, CBR had failed to protect the Class' personal medical and financial information. Specifically, CBR failed to encrypt each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes. Plaintiff read and relied on Defendant's representations in its Privacy Policy before she enrolled with CBR for storage of her cord blood and paid an initial fee for processing, storage, and shipping of her cord blood and was led to believe her personal medical and financial information was encrypted and protected from unauthorized access and release. Given these representations, members of the public would reasonably believe that Defendant would properly store and encrypt their personal medical and financial information stored on Defendant's computer equipment and computer backup tapes.

33.     Plaintiff enrolled as a member of Defendant's Cord Blood storage program for a single birth on or about September 28, 2006, and is still a current member. Upon her enrollment, Plaintiff, like each member of the Class, paid fees to CBR for the processing, storage, and shipping of Cord Blood in the amount of $1,700.00 for processing, $150.00 for shipping, and $1,850.00 for 18 years of prepaid storage. In addition, Plaintiff, like each member of the Class, provided Defendant with individually identifiable medical information, as it is defined by Civil Code § 56.05(g). Specifically, Plaintiff provided Defendant with her name, address, telephone number, e-mail address, Social Security number, and financial information including her credit card number as well as her responses to the "Medical and Health History Profile." Plaintiff also provided Defendant with the name, address, and telephone number of her OB doctor, along with the address and telephone number of her delivery hospital.

34.     On or about December 13, 2010, an unknown person took a Cord Blood Registry® laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes of CBR from CBR's offices

containing Plaintiff's and Class members' unencrypted individually identifiable information, including their names, Social Security numbers, driver's license numbers, credit card information, and credit card expiration date, without Plaintiff's and Class members' prior written authorization, as required by the Confidentiality of Medical Information Act, Civil Code §§ 56.10, 56.104, and 56.11, and thus constituting a negligent release of Plaintiff's and Class members' unencrypted individually identifiable information. On or about December 13, 2010, an Incident Report was filed at 11:35 p.m. with the San Francisco Police Department ("Police Report"). The Police Report indicates that a vehicle containing the Cord Blood Registry® laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes on which Plaintiff's and Class members' unencrypted individually identifiable information, including their names, Social Security numbers, driver's license numbers, credit card information, and credit card expiration date were recorded, that was take from CBR's offices, was abandoned and left unattended at 365 Main Street, San Francisco, California, without Plaintiff's and Class members' prior written authorization, constituting a negligent abandonment of Plaintiff's and Class members' unencrypted individually identifiable information. The Police Report further indicates that another unknown person broken into the vehicle containing the Cord Blood Registry® laptop, external hard drive, USB Key, Dell barcodes, and LTO4 Tapes on which Plaintiff's and Class members' unencrypted individually identifiable information was recorded, and stolen without Plaintiff's and Class members' prior written authorization, as required by the Confidentiality of Medical Information Act, Civil Code §§ 56.10, 56.104, and 56.11, and thus constituting a second negligent release of Plaintiff's and Class members' unencrypted individually identifiable information.

35.   CBR did not obtain Plaintiff's or Class members' written authorization to release their medical information to such unknown persons, which pursuant to section 56.11 must meet the following requirements:

a.   The authorization must be handwritten by the patient who signs it or in typeface no smaller than 14 point font;

b.   The authorization must be clearly separate from any other language on the same page and must be executed by a signature that serves no other purpose other than to

1          execute the authorization;

2     c.      The authorization must be signed by the patient or the patient's legal representative;

3     d.      The authorization must specify the uses and limitations on the medical information

4          to be disclosed;

5     e.      The authorization must state the name or functions of the health care provider or

6          service plan disclosing the information, the persons or entities authorized to receive

7          the medical information, and the specific uses and limitations on the use of the

8          medical information by the persons or entities authorized to receive the medical

9          information;

10     f.      The authorization must specify the date after which the recipient is no longer entitled

11          to use the information; and

12     g.      The authorization must advise the person signing the authorization of the right to

13          receive a copy of the authorization.

14      36.     On or about February 16, 2011, Plaintiff received a letter from David Zitlow,

15 Executive Vice President, External Affairs of Cord Blood Registry®, dated February 14, 2011,

16 informing her for the first time of a "recent theft of CBR computer equipment and computer backup

17 tapes."  Defendant admitted in its February 14, 2011 letter that the negligently abandoned

18 information may have included her "name, Social Security number, driver's license number, credit

19 card information, and/or credit card expiration date."  Defendant negligently preserved the

20 confidential information in that it was stored in an unprotected format, and negligently abandoned

21 such information in that was left unattended in a vehicle at night.  Thus, Plaintiff and the Class'

22 individual identifiable medical information was preserved, stored, and abandoned prior to December

23 13, 2010 in a manner that did not preserve the confidentiality of the medical and financial

24 information, in direct violation of Civil Code § 56 *et seq.*

25 **VI.**
**CAUSES OF ACTION**

26

27 **FIRST CAUSE OF ACTION**
**(Violations of the Confidentiality of Medical Information Act, Civil Code §§ 56 *et seq.*)**
(Plaintiff and the Class Against All Defendants)

28      37.     Plaintiff, the Class, and Sub-Class incorporate by reference all of the above

---

paragraphs of this Class Action Complaint as though fully stated herein.

38.     Defendant CBR Systems, Inc. is a "Provider of health care" and a "Contractor" within the meaning of Civil Code §§ 56.05(c) and (j), and maintained and continues to maintain Plaintiff's and the Class' "medical information" as defined by Civil Code § 56.05(g).

39.     Plaintiff and the Class are former and current members of Defendant CBR Systems, Inc.  Furthermore, Plaintiff and the Class had their personal medical information recorded and stored onto Defendant's computer system, including computer backup tapes, on or about December 13, 2010.

40.     As set forth in the letter dated February 14, 2011 from David Zitlow, Executive Vice President, External Affairs of Cord Blood Registry® and the Police Report, Defendant's computer equipment and computer backup tapes were stolen at night from an unattended vehicle.  Defendant admitted in its February 14, 2011 letter that the information stored on the backup tapes may have included "your name, Social Security number, driver's license number, credit card information, and/or credit card expiration date."

41.     The abandonment and subsequent release of Plaintiff's and the Class members' unprotected medical information was negligent within the meaning of Civil Code § 56.101, and was without the prior written authorization of Plaintiff and each Class member, as required by Civil Code §§ 56.10, 56.104, and 56.11.  Because Civil Code § 56.101 allows for the remedies and penalties provided under subdivisions (b) and (c) of § 56.36, Plaintiff, individually and on behalf of others similarly situated, seeks nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages per violation pursuant to Civil Code § 56.36(b)(2), in an amount to be proven at the time of trial, including the amounts of the processing and annual storage fees paid to CBR.

## SECOND CAUSE OF ACTION
### (Invasion of Privacy - California Constitution)
(Plaintiff and the Class Against All Defendants)

42.     Plaintiff, the Class, and Sub-Class incorporate by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

43.     Plaintiff brings this cause of action pursuant to Article 1, Section 1 of the California

Constitution alleging a constitutional violation for invasion of Plaintiff and the Class' privacy rights.

44.     Article 1, Section 1 of the California Constitution states: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const., Art. 1, §1.

45.     As a result of improperly storing the personal medical information of Plaintiff and the Class, on each and every day during the two-year period preceding the filing of this Class Action Complaint through the present, Defendant invaded Plaintiff's and the Class members' right to privacy by allowing the unauthorized access to the medical information of Plaintiff and the Class and negligently maintaining the confidentiality of the medical information of Plaintiff and the Class, as set forth above.

46.     The intrusion was offensive and objectionable to Plaintiff, the Class, and to a reasonable person of ordinary sensibilities, in that the personal medical information that Defendant obtained was negligently preserved and negligently abandoned by Defendant without prior written authorization of Plaintiff and the Class.

47.     The intrusion was into a place or thing which was private and is entitled to be private, in that Plaintiff's and the Class' personal medical and financial information provided to Defendant was made privately, and was intended to be kept confidential and protected from any negligent release or abandonment.

48.     As a proximate result of Defendant's above acts, Plaintiff's and the Class members' medical information was viewed, printed, distributed, and used by persons without prior written authorization and Plaintiff and the Class suffered general damages in an amount to be determined at trial according to proof in amount to be proven at trial, including the amounts of their processing and annual storage fees paid to CBR.

49.     Defendant is guilty of oppression, fraud, or malice by permitting the unauthorized disclosure of Plaintiff's and the Class' personal medical information with a willful and conscious disregard of Plaintiff's and the Class members' right to privacy.

50.     Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful

1  conduct will continue to cause Plaintiff and the Class great and irreparable injury in that the personal

2  identification information maintained by Defendant can be viewed, printed, distributed, and used

3  by unauthorized persons.  Plaintiff and members of the Class have no adequate remedy at law for

4  the injuries in that a judgment for the monetary damages will not end the invasion of privacy for

5  Plaintiff and the Class.

6  **THIRD CAUSE OF ACTION**
**(Invasion of Privacy - Common Law)**

7  (Plaintiff and the Class Against All Defendants)

8  51.    Plaintiff, the Class, and Sub-Class incorporate by reference all of the above

9  paragraphs of this Class Action Complaint as though fully stated herein.

10  52.    The aforementioned conduct of Defendant violated Plaintiff and the Class' common

11  law right to privacy.  The intrusion was into a place or thing which was private and is entitled to be

12  private, in that Plaintiff's and Class' personal medical information provided to Defendant was made

13  privately, and was intended to be kept confidential and protected from any negligent preservation,

14  and negligent release or abandonment.

15  53.    As a proximate result of the conduct of Defendant, Plaintiff and the Class suffered

16  general and special damages, in an amount to be determined at the time of trial, including the

17  amounts of their processing and annual storage fees paid to CBR.

18  **FOURTH CAUSE OF ACTION**
**(Violation of Civil Code § 1798.81.5 for Failing to Provide Reasonable Security Procedures**

19  **With Respect To Personal Information About California Residents)**
(Plaintiff, the Class, and Sub-Class Against All Defendants)

20

21  54.    Plaintiff, the Class, and Sub-Class incorporate by reference all of the above

22  paragraphs of this Class Action Complaint as though fully stated herein.

23  55.    Pursuant to Civil Code § 1798.81.5, "[i]t is the intent of the Legislature to ensure that

24  personal information about California residents is protected...A business that owns or licenses

25  personal information about a California resident shall implement and maintain reasonable security

26  procedures and practices appropriate to the nature of the information, to protect the personal

27  information from unauthorized access, destruction, use, modification, or disclosure."  For purposes

28  of this section, personal information includes the person's name, social security number, credit card

number, and medical information.

56.     Defendant conducts business in California and own or license computer backup tapes which included the personal information of Plaintiff, the Class, and Sub-Class.

57.     On or about February 14, 2011, Defendant sent a letter to Plaintiff informing her that computer equipment and backup tapes were stolen from a vehicle.  The information on the computer equipment and backup takes contained confidential, highly sensitive information, including the name, social security number, driver's license number, credit card information, and/or credit card expiration date of Plaintiff, the Class, and Sub-Class.  Plaintiff and the Class believe and therefore allege that Defendant did not maintain reasonable and appropriate security procedures and practices to guard against the unauthorized release of their personal information.

58.     Plaintiff, the Class, and Sub-Class have been injured by the release of their confidential medical and financial information and seek damages pursuant to California Civil Code § 1798.84(b) in an amount to be determined at the time of trial, including the amounts of their processing and annual storage fees paid to CBR, and relief pursuant to California Civil Code § 1798.84(e).

**FIFTH CAUSE OF ACTION**
**(Violation of Civil Code § 1798.82 for Breach of State Security Notification Laws)**
(Plaintiff and the Class Against All Defendants)

59.     Plaintiff, the Class, and Sub-Class incorporate by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

60.     Pursuant to Civil Code § 1798.82(a), "[a]ny person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person. The disclosure shall be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subdivision (c), or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system."  Prior to passage of such statute, the California State Assembly cited an incident where authorities knew of the breach in security for 21 days "before state workers were told" as an example of "late notice."

1   61.   Defendant conducts business in California and owns or licenses computerized data

2   which included the personal information of Plaintiff and the Class.

3   62.   Plaintiff received a letter from Defendant dated February 14, 2011 which informed

4   Plaintiff that computer backup tapes were stolen from a vehicle.  The letter, however, does not

5   provide any information regarding when this theft took place.  The San Francisco Police Report

6   indicates that the incident took place on December 13, 2010 at 365 Main Street, San Francisco,

7   California.  The Police Report also indicates the missing items included a laptop, external hard drive,

8   USB Key, Dell barcodes, and LTO4 Tapes.  Therefore, Defendant waited *over two months* to send

9   a letter to Plaintiff and the Class of this incident and the subsequent threat to Plaintiff and the Class'

10   privacy rights, leaving Plaintiff and the Class without the necessary information and immediate

11   assistance to mitigate their damages and to restore the integrity of their personal information and

12   identities.  Plaintiff and the Class therefore believe and allege that Defendant did not disclose the

13   breach in the security of its data in the most expedient time possible and without reasonable dely.

14   Given the example of the Legislature finding 21 days to be "late notice" under the statute,

15   Defendant's *over two month* delay in mailing a form letter to Plaintiff and the Class is presumptively

16   unreasonable notice.

17   63.   Plaintiff and the Class have been injured by the release of their confidential medical

18   and financial information and seek damages pursuant to California Civil Code § 1798.84(b) in an

19   amount to be determined at the time of trial, including the amounts of their processing and annual

20   storage fees paid to CBR, and relief pursuant to California Civil Code § 1798.84(e).

21   **SIXTH CAUSE OF ACTION**
    **(Breach of Contract)**

22   (Plaintiff and the Class Against All Defendants)

23   64.   Plaintiff, the Class, and Sub-Class incorporate by reference all of the above

24   paragraphs of this Class Action Complaint as though fully stated herein.

25   65.   At the outset of the application process, Defendant represented to potential customers,

26   including Plaintiff and members of the Class, that it required PERSONAL INFORMATION within

27   the meaning of Civil Code § 1798.80 to be provided, but that Defendant would take reasonable and

28   necessary precautions to ensure the same would be protected.

66.     Defendant entered into an implied contract with Plaintiff and each member of the Class whereby representations and promises were made to Plaintiff and each member of the Class, who relied upon them to their detriment.  Plaintiff and the Class made a mutual exchange of consideration in reliance upon and acceptance of the offer of security by Defendant.

67.     Plaintiff had performed all obligations he had under the agreement, except any that may have been excused, waived, or which Defendant is estopped from asserting.

68.     The failure of Defendant to keep secure from breach the PERSONAL INFORMATION of Plaintiff and the Class constitutes a material breach of the agreement between Defendant and the Class.

69.     As a direct and proximate result of the aforesaid breaches of its agreements with Plaintiff and the Class, Plaintiff and the Class have been harmed and will continue to suffer harm, including but not limited to loss of invasion of privacy, loss of control of their financial information and personal identity information.

**SEVENTH CAUSE OF ACTION**
**(Violation of California Business & Professions Code §17200, *et seq*.**
**for Unlawful, Fraudulent and Unfair Business Acts and Practices)**
(Plaintiff and the Class Against All Defendants)

70.     Plaintiff, the Class, and Sub-Class incorporate by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

71.     As a result of Defendant's violations of Civil Code §§ 56.10, 56.101, 56.104, 56.11, 1798.81.5, and 1798.82(a), as set forth above, and Defendant's violation of California Business and Professions Code § 17200, as set forth below, Plaintiff and members of the Class have suffered an injury in fact by, among other things, having their personal information released to persons without their prior written authorization, as required by the Act, Civil Code §§ 56.10, 56.104, and 56.11. Additionally, Plaintiff and members of the Class have lost property in that Plaintiff and the Class paid processing and annual storage fees paid to CBR, and are each entitled to actual damages pursuant to Civil Code § 56.36(b)(2) and Civil Code § 1798.84(b), and nominal damages of one thousand dollars ($1,000) pursuant to Civil Code §§ 56.36(b)(1) and 56.101.  Plaintiff and the Class are also entitled to damages for this negligent release of personal information, and failure to properly secure this confidential information or properly notify Plaintiff and the Class of the breach, pursuant

to Civil Code § 1798.80 *et. seq.*

72.     Defendant has engaged in "unlawful" business acts and practices in violation of California Business and Professions Code § 17200, *et. seq* by its conduct in violation Civil Code §§ 56.101, 1798.80 *et. seq.*, in the following respects:

(a)     Defendant negligently mishandled each Class member's personal information stored on Defendant's computer equipment and computer backup tapes prior to December 13, 2010 resulting in a negligent release of Plaintiff's and the Class' confidential medical and financial information in violation of Civil Code §56.101;

(b)     Defendant 's unencrypted storage and release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes constitutes violations of violations of Civil Code § 1798.81.5 by failing to maintain reasonable and appropriate security procedures and practices, including access restrictions and encryption, resulting in the release of Plaintiff's and the Class' personal medical and financial information to unauthorized persons;

(c)     The timing of Defendant's disclosure of the release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes was in violation of violations of Civil Code § 1798.82 because Defendant did not disclose the breach in the security of its data in the most expedient time possible and without reasonable delay;

(d)     Defendant 's unencrypted storage, abandonment and release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes constitutes an invasion of privacy; and

(e)     Defendant 's unencrypted storage, abandonment and release of each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes constitutes a breach of contract;

73.     Defendant has also engaged in "fraudulent" business acts and practices in violation of California Business and Professions Code § 17200, *et. seq* by its representations in its Privacy Policy that were false, misleading, and/or had a tendency to deceive the reasonable consumer to believe that CBR had taken reasonable steps to protect the Class' personal medical and financial information when, in fact, CBR had failed to protect the Class' personal medical and financial information. Specifically, CBR failed to prevent each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes from being removed from its facilities by an unauthorized person, by abandoning each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes in an unattended vehicle at night, by releasing each Class member's personal medical and financial information recorded onto Defendant's computer

equipment and computer backup tapes to an unauthorized person and by failing to encrypt each Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes.  Plaintiff read and relied on Defendant's representations in its Privacy Policy and was led to believe her personal information was encrypted and protected from unauthorized access and release.  Given these representations, members of the public would reasonably believe that Defendant would properly store and encrypt their personal medical and financial information stored on Defendant's computer equipment and computer backup tapes.

74.     Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendant's conduct and its false, misleading and/or deceptive representations in its Privacy Policy outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

75.     Defendant's unlawful, fraudulent and unfair business practices, as described above, present a continuing threat to Plaintiff and the Class since Defendant continues to negligently maintain the medical information of Plaintiff and the Class.  Plaintiff and the Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendant is likely to continue to injure consumers, and thus engendering a multiplicity of judicial proceedings.

76.     Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized access to the medical information of Plaintiff and the Class and to adequately maintain the confidentiality of the medical information of Plaintiff and the Class. Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Code of Civil Procedure § 1021.5 and other applicable law.

**EIGHTH CAUSE OF ACTION**
**(Unlawful, Fraudulent and Unfair Business Acts and Practices**
**in Violation of California Business & Professions Code §17200, *et seq.*)**
(Plaintiff and the Class and Sub-Class Against All Defendants)

77.     Plaintiff, the Class, and Sub-Class incorporate by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

78.     Defendant has also engaged in "fraudulent" business acts and practices in violation

of California Business and Professions Code § 17200, *et. seq* by its representations in its Privacy Policy that were false, misleading, and/or had a tendency to deceive the reasonable consumer to believe that CBR had taken reasonable steps to protect the Class and Sub-Class' personal medical and financial information when, in fact, CBR had failed to protect the Class and Sub-Class' personal medical and financial information. Specifically, CBR failed to encrypt each Class and Sub-Class member's personal medical and financial information recorded onto Defendant's computer equipment and computer backup tapes. Plaintiff read and relied on Defendant's representations in its Privacy Policy and was led to believe her personal information was encrypted and protected from unauthorized access and release. Given these representations, members of the public would reasonably believe that Defendant would properly store and encrypt their personal medical and financial information stored on Defendant's computer equipment and computer backup tapes.

79. Plaintiff and the members of the Class and Sub-Class have lost property as a result of Defendant's conduct in that Plaintiff and the Class and Sub-Class paid processing and annual storage fees paid to CBR, a portion of which, were to protect the Class and Sub-Class' personal medical and financial information.

80. Defendant's unlawful, fraudulent and unfair business practices, as described above, present a continuing threat to Plaintiff and the Class and Sub-Class since Defendant continues to negligently maintain the personal medical and financial information of Plaintiff and the Class and Sub-Class. Plaintiff and the Class and Sub-Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendant is likely to continue to injure consumers, and thus engendering a multiplicity of judicial proceedings.

81. Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class and Sub-Class seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized access to the personal medical and financial information of Plaintiff and the Class and Sub-Class and to adequately maintain the confidentiality of the personal medical and financial information of Plaintiff and the Class and Sub-Class. Plaintiff and the Class and Sub-Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Code of Civil Procedure § 1021.5 and other applicable law.

1

## PRAYER FOR RELIEF

2      WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff, the Class, and Sub-

3  Class members the following relief against Defendant CBR Systems, Inc.:

4      **As for the First Cause of Action**

5      1.      For nominal damages of one thousand dollar ($1,000) per violation for Plaintiff and

6  each member of the Sub-Class pursuant to Civil Code § 56.36(b)(1);

7      2.      For actual damages according to proof per violation pursuant to Civil Code §

8  56.36(b)(2);

9      **As for the Second Cause of Action**

10      3.      That the Court preliminarily and permanently enjoin Defendant from disclosing each

11  Class members' personal medical information without the prior written authorization of each Class

12  member, as required by the Confidentiality of Medical Information Act, Civil Code §§ 56 *et seq.*;

13      4.      For general damages according to proof;

14      5.      For special damages according to proof;

15      6.      For exemplary or punitive damages;

16      **As for the Third Cause of Action**

17      7.      That the Court preliminarily and permanently enjoin Defendant from releasing or

18  disclosing each Class member's personal medical information without the prior written authorization

19  of each Class member, as required by the Confidentiality of Medical Information Act, Civil Code

20  §§ 56 *et seq.*;

21      8.      For general damages according to proof;

22      9.      For special damages according to proof;

23      10.      For exemplary or punitive damages;

24      **As for the Fourth Cause of Action**

25      11.      For general damages according to proof per violation for Plaintiff and each member

26  of the Sub-Class pursuant to Civil Code § 1798.84(b);

27      12.      For injunctive relief pursuant to California Civil Code § 1798.84(e).

28  / / /

---

**As for the Fifth Cause of Action**

13.    For general damages according to proof per violation for Plaintiff and each member of the Sub-Class pursuant to Civil Code § 1798.84(b);

14.    For injunctive relief pursuant to California Civil Code § 1798.84(e).

**As for the Sixth Cause of Action**

15.    For general damages according to proof;

16.    For special damages according to proof;

**As for the Seventh Cause of Action**

17.    That the Court award Plaintiff and each member of the Class restitution according to proof;

18.    That the Court preliminarily and permanently ordering Defendant to prohibit the unauthorized access to the personal medical and financial information of Plaintiff and the Class and to adequately maintain the confidentiality of the personal medical and financial information of Plaintiff and the Class;

**As for the Eighth Cause of Action**

19.    That the Court award Plaintiff and each member of the Sub-Class restitution according to proof;

20.    That the Court preliminarily and permanently ordering Defendant to prohibit the unauthorized access to the personal medical and financial information of Plaintiff and the Class and to adequately maintain the confidentiality of the personal medical and financial information of Plaintiff and the Class;

**As to All Causes of Action**

21.    That the Court certifies this action as a class action;

22.    For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

23.    For costs of the suit;

24.    For prejudgment interest at the legal rate;

25.     Such further relief as this Court deems necessary, just, and proper.

Dated: June 13, 2012                         KEEGAN & BAKER, LLP


                                             s/ Patrick N. Keegan
                                             Patrick N. Keegan, Esq.
                                             Attorney for Plaintiff
                                             EILEEN JOHANSSON-DOHRMANN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT FOR CIVIL PENALTIES, DAMAGES, AND INJUNCTIVE RELIEF (FOR VIOLATIONS OF CIVIL CODE §§ 56, *ET SEQ.*; CIVIL CODE §§ 1798.80, *ET. SEQ.*; BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; AND INVASION OF PRIVACY)** was filed electronically on June 13, 2012, and will, therefore, be served electronically upon:

Joseph R. Tiffany II, Esq.
joseph.tiffany@pillsburylaw.com
Esther Yeu, Esq.
esther.yeu@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2475 Hanover Street
Palo Alto, CA 94304-1114
Tel: (650) 233-4500
Fax: (650) 233-4545

Connie J. Wolfe, Esq.
connie.wolfe@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Tel: (619) 234-5000
Fax: (619) 236-1995

Attorneys for Defendant

Executed June 13, 2012, at Carlsbad, California.

s/ Patrick N. Keegan
Patrick N. Keegan, Esq.
Attorney for Plaintiff
e-mail: pkeegan@keeganbaker.com
