1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  _____
                                        )
12  EILEEN JOHANSSON-DOHRMANN, on       )   Case No. 12-cv-1115-MMA (BGS)
    behalf of herself, all other persons similarly  )
13  situated and the general public,    )
                                        )
14                        Plaintiff,    )   ORDER GRANTING JOINT MOTION
                                        )   FOR ENTRY OF PROTECTIVE
15           vs.                        )   ORDER; PROTECTIVE ORDER
                                        )
16  CBR SYSTEMS, INC., a California     )   [Doc. No. 10]
    corporation; and DOES 1 through 100,  )
17  inclusive,                          )
                                        )
18                        Defendants.   )
    _____     )
19

20          Before the Court is a Joint Motion for Entry of a Protective Order [Doc. No. 10],

21  filed by the parties in the above-captioned matter.  Good cause appearing therefore, the

22  parties' Joint Motion is **GRANTED** and a Protective Order is entered in this case as

23  follows:

24          Some of the documents and information ("materials") being sought through

25  discovery in the above-captioned action may be proprietary, contain trade secrets, or

26  contain other confidential information within the meaning of Federal Rule of Civil

27  Procedure 26(c) for which special protection from public disclosure and from use for any

28  purpose other than prosecuting this litigation would be warranted.  Such documents shall

1   only be produced, whether voluntarily, or in response to formal discovery, subject to this

2   Protective Order (the "Order).  The Order does not confer blanket protections on all

3   disclosures or responses to discovery and the protection it affords extends only to the

4   limited information or items that are entitled under the applicable legal principles to

5   confidential treatment.

6          In addition, this Order creates no entitlement to file confidential information under

7   seal.  Local Civil Rule 79.2 sets forth the procedures that must be followed when a party

8   seeks permission from the Court to file material under seal, and is incorporated by reference

9   herein.

10         **1.       DEFINITIONS.**

11         1.1     <u>Party</u>:  any party to this action, including all of its officers, directors, and

12   employees.

13         1.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

14   medium or manner generated, stored, or maintained (including, among other things,

15   documents, testimony, transcripts, or tangible things) that are produced or generated in

16   disclosures or responses to discovery in this matter.

17         1.3     <u>Confidential Information or Items</u>:  information (regardless of how

18   generated, stored or maintained) or tangible things that qualify for protection under

19   standards developed under Federal Rule of Civil Procedure 26(c).

20         1.4     <u>Highly Confidential Information or Items</u>:  extremely sensitive Confidential

21   Information or Items whose disclosure to another Party or non-party would create a

22   substantial risk of injury that could not be avoided by less restrictive means.

23         1.5     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

24   from a Producing Party.

25         1.6     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

26   Material in this action.

27

28

1.7.    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

1.8    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."

1.9.    Outside Counsel:  attorneys, along with their paralegals, and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10    In House Legal Personnel:  attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.

1.11    Counsel (without qualifier):  Outside Counsel and In House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

1.12    Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

**2.    SCOPE.**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.  However, this

1   Order shall not be construed to cause any Counsel to produce, return, and/or destroy their

2   own attorney work product, or the work product of their co-counsel.

3       **3.     DURATION.**

4       The confidentiality obligations imposed by this Order shall remain in effect until the

5   Designating Party agrees otherwise in writing or this Court orders otherwise.

6       **4.     DESIGNATING PROTECTED MATERIAL.**

7       4.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

8   Party or non-party that designates information or items for protection under this Order must

9   take care to limit any such designation to specific material that qualifies under the

10  appropriate standards and avoid indiscriminate designations.

11      If it comes to a Designating Party's attention that information or items that it

12  designated for protection do not qualify for protection, or do not qualify for the level of

13  protection initially asserted, that Designating Party must promptly notify all Receiving

14  Parties that it is withdrawing or changing the mistaken designation.

15      The restrictions of this Order shall not apply to any information or material that:

16          a.     is being disclosed to a person who already has lawfully

17  acquired possession of such information in a manner that does not violate the provisions of

18  this Order;

19          b.     was, is or becomes public knowledge, other than by reason of

20  a violation of this Order;

21          c.     was or is acquired without obligation of secrecy in a manner

22  that does not violate the provisions of this Order.

23

24      4.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

25  Order (*see*, *e.g.*, section 4.2(b), below), or as otherwise stipulated or ordered, material that

26  qualifies for protection under this Order must be clearly so designated before the material is

27  disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party

28  discover that it produced material that was not designated as Protected Material or that it

1  produced Protected Material but had designated the incorrect category of Protected

2  Material, the Producing Party may notify all Parties, in writing, of the error and identify (by

3  bates number or other individually identifiable information) the affected documents and

4  their new designation or re-designation.  Thereafter, the material so designated or re-

5  designated will be treated as Protected Material.  Promptly after providing such notice, the

6  Producing Party shall provide re-labeled copies of the material to each Receiving Party

7  reflecting the change in designation.  The Receiving Party will then destroy the incorrectly

8  designated materials.

9  　　　Designation in conformity with this Order requires:

10  　　　　　(a)　　for information in documentary form (apart from transcripts of

11  depositions or other pretrial or trial proceedings), that the Producing Party affix the

12  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that

13  contains protected material.

14  　　　　　(b)　　for testimony given in deposition, that a Party, or a non-party that

15  sponsors, offers, gives, or elicits the testimony, designate any portion of the

16  testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the

17  record before the deposition is concluded, or in writing on or before the later of

18  (i) fourteen days after the final transcript is received or (ii) the date by which any

19  review by the witness and corrections to the transcript are to be completed under

20  Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for

21  protection in accordance with the preceding sentence shall be covered by the

22  provisions of this Order.  The entire testimony shall be deemed to have been

23  designated Highly Confidential until the time within which the transcript may be

24  designated has elapsed.  If testimony is not designated within the prescribed time

25  period, then such testimony shall not be deemed Confidential or Highly Confidential

26  except as ordered by the Court.

27  　　　　　Transcript pages containing Protected Material must be separately bound by

28  the court reporter, who must affix to each such page the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty sponsoring, offering, giving or eliciting the witness' testimony.

(c)     for information produced in electronic or video format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.3     Inadvertent Failures to Designate.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is re-designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.4     Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties.  A Party may increase the designation (*e.g.*, change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward Designating Party's own Confidential or Highly Confidential Information.  Any such increase in the designation of a document shall be made within 90 days of the date of its production, unless good cause is shown for a later increase in the designation.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased.  The upward Designating Party shall then promptly provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will then destroy the incorrectly designated materials.  Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 5

1  regarding challenging designations.  The upward Designating Party shall bear the burden of

2  establishing the basis for the increased designation.

3  **5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

4  5.1  Timing of Challenges.  A Party does not waive its right to challenge a

5  confidentiality designation by electing not to mount a challenge promptly after the original

6  designation is disclosed.

7  5.3  Judicial Intervention.  Any Party shall be entitled to apply to the Court for a

8  decision (a) permitting disclosure of information designated as Confidential Information to

9  persons other than those described in Paragraph 6 below; (b) granting greater protection

10  than provided for herein or prohibiting discovery altogether of certain information or

11  documents; or (c) removing the Confidential Information designation as to particular

12  material or information.  **Judicial intervention on such matters must be requested**

13  **within 30 days of the event giving rise to the dispute.  The dispute regarding**

14  **challenging confidentiality designations arises on the date a party provides the other**

15  **party with notice of its intention to challenge the designation.**  Prior to filing any such

16  motion, the moving Party shall provide the other Party written notification of its intentions

17  to bring such a motion with respect to the Confidential Information and the grounds for

18  such motion ten (10) business days before the filing of such motion.  Within five (5)

19  business days of receipt of moving Party's written notification, the other Party shall provide

20  the moving Party a written response to grounds stated in the moving Party's written

21  notification.  If the parties are still in disagreement regarding the issue, the moving Party

22  may thereafter **coordinate a conference call with the Court in accordance with Judge**

23  **Skomal's rules regarding discovery disputes**.  Confidential Information will remain

24  confidential and the terms of this Protective Order will remain unchanged, unless and until

25  this Court grants the motion.  The parties further agree that the fact that the material at issue

26  is or is not marked or designated as Confidential Information under this Order shall be

27  given no weight by the Court in determining whether particular material is or is not entitled

28  to protection as confidential or propriety under applicable law.  In the event that the final

1 ruling is that the challenged material is not confidential or that its designation should be

2 changed, the Designating Party shall reproduce copies of all materials with their

3 designations removed or changed in accordance with the ruling within ten (10) days at the

4 expense of the Designating Party.  In the resolution of any motion brought under this

5 provision, the burden of persuasion with respect to the propriety of the confidentiality

6 designation shall remain upon the Party requesting the maintenance or elevation of such

7 designation.

8 **6.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

9 6.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

10 disclosed or produced by a Producing Party only in connection with this action for

11 prosecuting, defending, or attempting to settle this action.  Such Protected Material may be

12 disclosed only to the categories of persons and under the conditions described in this Order.

13 When the litigation has been terminated, a Receiving Party must comply with the

14 provisions of section 10, below (FINAL DISPOSITION).

15 Protected Material must be stored and maintained by a Receiving Party at a location

16 and in a secure manner that ensures that access is limited to the persons authorized under

17 this Order.  For purposes of this Order, a secure website, or other internet-based document

18 depository with adequate security, shall be deemed a secure location.

19 6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

20 ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

21 may disclose any information or item designated "CONFIDENTIAL" only to:

22 (a)    the Receiving Party's Outside Counsel of record in this action, as

23 well as employees of said counsel to whom counsel believes, in good faith, it is

24 necessary for assistance in the representation of any of the parties in this litigation;

25 (b)    current or former officers, directors, and employees of Parties to

26 whom disclosure is reasonably necessary for this litigation and who have signed the

27 "Agreement To Be Bound by Protective Order" (Exhibit A);

28

703762042v1                     - 8 -                     PROTECTIVE ORDER
                                                          Case No. 12-CV-1115-MMA (BGS)

(c)     Experts and/or Consultants with respect to each of whom (1) counsel believes, in good faith, it is necessary for assistance in the representation of any of the parties, and (2) has signed an "Agreement To Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel, including any persons hired by the Court to transcribe testimony conducted in this lawsuit;

(e)     Professional vendors and stenographers engaged to transcribe depositions or other testimony conducted in this lawsuit, as well as videographers engaged to videotape same, who have signed an "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     the author, addressees, or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

(g)     deponents and/or witnesses in this action who, for purposes of viewing and testifying with respect to Confidential Information, have signed the "Agreement To Be Bound by Protective Order" (Exhibit A); provided that, Confidential Information may be disclosed to a witness during their deposition, but only if they have executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which shall be made an exhibit to the deposition transcript, or have agreed on the record to keep the information confidential and not to use it for any purpose, or have been ordered to do so; and provided further that, pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "Confidential" and separately bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this Order; and

(h)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

6.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts and/or Consultants with respect to each of whom (1) counsel believes, in good faith, it is necessary for assistance in the representation of any of the parties, and (2) has signed an "Agreement To Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel, including any persons hired by the Court to transcribe testimony conducted in this lawsuit;

(d)     Professional Vendors and stenographers engaged to transcribe depositions or other testimony conducted in this lawsuit, as well as videographers engaged to videotape same who have signed an "Agreement To Be Bound by Protective Order" (Exhibit A);

(e)     the author, addressees or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

(f)     deponents and/or witnesses in this action who, for purposes of viewing and testifying with respect to Confidential Information, have executed the "Agreement to Be Bound by Protective Order" (Exhibit A), which shall be made an

exhibit to the deposition transcript, or have agreed on the record to keep the information confidential and not to use it for any purpose, or have been ordered to do so; and in addition, if the witness is an employee of a Party or is a former employee of a Party, then In House Legal Personnel of the Party in attendance at the deposition of such a witness, may also be present during that portion of the deposition but only if the In House Legal Personnel has signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided that, pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Information must be marked "Highly Confidential" and separately bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this Order; and provided, further that, the parties will meet and confer if the Designating Party believes a particular document requires different treatment for use at deposition; and

(g)     any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Highly Confidential Information.

6.4     Retention of Exhibit A.  Outside Counsel for the Party that obtains the signed "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown, but in no event shall an opposing party or opposing counsel be entitled to view the signed "Agreements To Be Bound by Protective Order" (Exhibit A) of a Party's Experts and/or Consultants prior to designation by that Party pursuant to Federal Rules of Civil Procedure Rule 26(a)(2) or until further order of this Court.

6.5     Retention of Protected Material.  Persons who have been shown Protected Material pursuant to Section 6.2(b), (f), or (g), or Section 6.3(e) or (f) shall not retain copies of such Protected Material.

1   **7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

2   **PRODUCED IN OTHER LITIGATION.**

3          If a Receiving Party is served with a discovery request, subpoena or an order issued

4   in other litigation that would compel disclosure of any information or items designated in

5   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party

6   must so notify the Designating Party, in writing (by fax or electronic mail, if possible),

7   along with a copy of the discovery request, subpoena or order, as soon as reasonably

8   practicable.

9          The Receiving Party also must immediately inform the requesting party that some or

10  all the material covered by the subpoena or order is the subject of this Protective Order.  In

11  addition, the Receiving Party must promptly deliver a copy of this Order to the party

12  causing the discovery request, subpoena or order to issue.

13         The Designating Party shall bear the burdens and the expenses of seeking protection

14  in that court of its confidential or highly confidential material.  Nothing in these provisions

15  should be construed as authorizing or encouraging a Receiving Party in this action to

16  disobey a lawful directive from another court.

17  **8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

18         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19  Protected Material to any person or in any circumstance not authorized under this Order,

20  the Receiving Party must immediately (a) notify in writing the Designating Party of the

21  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

22  Material, (c) inform the person or persons to whom unauthorized disclosures were made of

23  all the terms of this Order, and (d) request such person or persons to execute the

24  "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

25  **9.    FILING PROTECTED MATERIAL.**

26         Any Party seeking to file Confidential Information with the Court, or to file any

27  pleadings, motions or other papers disclosing any Confidential Information shall either

28  make a motion or application to seal the records in accordance with Local Civil Rule 79.2

1   prior to filing, or notify the Designating Party of its intent to file Confidential Information

2   with the Court at least ten (10) business days prior to the filing so that the Designating

3   Party may bring its own motion or application to seal the records in accordance with Local

4   Civil Rule 79.2..  Only portions of filings with the Court containing Confidential

5   Information need be filed under seal.  The parties agree to cooperate with each other in a

6   good faith attempt to file the Confidential Information under seal, but will not be

7   precluded from filing documents containing Confidential Information if:  (1) the Court

8   refuses to grant an order to file under seal; or (2) the Designating Party declines to seek an

9   order to file under seal after being provided with notice by the filing Party as described

10  above.

11      **10.     FINAL DISPOSITION.**

12          Unless otherwise ordered or agreed in writing by the Producing Party, upon final

13  termination of this proceeding, including exhaustion of appellate remedies, all Protected

14  Material and copies thereof, including but not limited to such Protected Material in the

15  hands of outside experts or consultants, shall be delivered to counsel of record for the

16  producing party or non-party of such Protected Material, upon request, within sixty (60)

17  days of such request, or else shall be destroyed upon request and the producing party shall

18  be advised in writing within sixty (60) days of the request that such Protected Material has

19  been destroyed, except for Protected Material filed with the Court.  Notwithstanding this

20  provision, counsel are entitled to retain an archival copy of all pleadings, motion papers,

21  transcripts, legal memoranda, correspondence or attorney work product, even if such

22  materials contain Protected Material.  Any such archival copies that contain or constitute

23  Protected Material remain subject to this Protective Order as set forth in Section 3

24  (DURATION), above.

25      **11.     DISPOSITIVE MOTION HEARINGS AND TRIAL.**

26          The terms of this Protective Order shall govern in all circumstances except for

27  presentations of evidence and argument at hearings on dispositive motions and at trial.  The

28

1  parties shall meet and confer in advance of such proceedings and seek the guidance of the
2  Court as to appropriate procedures to govern such proceedings.

3  **12.    INADVERTENTLY PRODUCED DOCUMENTS.**

4          If a Party at any time notifies any other Party that it inadvertently produced
5  documents, testimony, information, and/or things that are protected from disclosure under
6  the attorney-client privilege, work product doctrine, and/or any other applicable privilege or
7  immunity from disclosure, or the Receiving Party discovers such inadvertent production,
8  the inadvertent production shall not be deemed a waiver of the applicable privilege or
9  protection.  The Receiving Party shall immediately return all copies of such documents,
10 testimony, information and/or things to the inadvertently producing Party and shall not use
11 such items for any purpose until further order of the Court.  In all events, such return must
12 occur within three (3) business days of receipt of notice or discovery of the inadvertent
13 production.  The return of any discovery item to the inadvertently producing Party shall not
14 in any way preclude the Receiving Party from moving the Court for a ruling that the
15 document or thing was never privileged.

16 **13.    MISCELLANEOUS.**

17         13.1    Right to Further Relief.  Nothing in this Order abridges the right of any
18 person to seek its modification by the Court in the future.

19         13.2    Right to Assert Other Objections.  By stipulating to the entry of this
20 Protective Order no Party waives any right it otherwise would have to object to disclosing
21 or producing any information or item on any ground not addressed in this Order.  Similarly,
22 no Party waives any right to object on any ground to use in evidence of any of the material
23 covered by this Order.

24         13.3    The Court may modify the terms and conditions of the Order for good cause,
25 or in the interest of justice, or on its own order at any time in these proceedings.

26

27         13.4    Without separate court order, the Protective Order and the parties'
28 stipulation does not change, amend, or circumvent any court rule or local rule.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Based on the joint petition of the parties [Doc. No. 10], and good cause having been shown therefore,

**IT IS SO ORDERED.**

DATED: <u>August 23, 2012</u>

_____
Honorable Bernard G. Skomal
United States Magistrate Judge

**<u>EXHIBIT A</u>**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of

_____ [print or type full

address], declare under penalty of perjury under the laws of the United States of America

that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Southern District of California in the case

of *Eileen Johansson-Dohrmann v.CBR Systems, Inc.,* Case No. 12-cv-1115-MMA (BGS).

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____