1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EILEEN JOHANSSON-DOHRMANN, on behalf of herself, all other persons similarly situated and the general public, | ) ) ) | CASE NO: 12-CV-1115-MMA (BGS) |
| | ) ) | **AMENDED ORDER GRANTING** |
| Plaintiff, | ) | **MOTION TO PRELIMINARILY** |
| v. | ) | **APPROVE PROPOSED SETTLEMENT** |
| | ) | |
| CBR SYSTEMS, INC., a California corporation; and DOES 1 through 100, inclusive, | ) ) ) | [Doc. No. 18] |
| | ) | |
| Defendants. | ) ) | |

The parties in this action have entered into a Settlement Agreement ("Agreement") dated November 8, 2012, which, if approved, would resolve this putative class action. On November 16, 2012, Plaintiff moved the Court for an order preliminarily approving the settlement. On February 1, 2013, the Court **GRANTED** the motion, as modified by the Court. Now, pursuant to the parties' request, the Court issues an amended order[1] containing the following findings and orders:[2]

1.      Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

_____

[1]This amended order serves only to change the Final Approval Hearing Date from Monday, July 8, 2013, to Monday, July 15, 2013. All other findings and orders remain identical to those in the Court's previous order.

[2]The capitalized terms used in this Preliminary Approval Order shall have the same meanings and definitions given to them in the Agreement.

1
2
3

All former and current CBR Systems, Inc. clients whose confidential individually identifiable medical information and/or financial information was contained on CBR Systems, Inc.'s computer equipment and computer backup tapes that were stolen on December 13, 2010.

4   Excluded from the Settlement Class are any natural persons who are directors, officers, and

5   employees of Defendant, and any of their legal representatives, heirs, successors or assigns, and

6   any judicial officer to whom the Litigation is assigned.

7       2.    The Court finds, for the purposes of approving this settlement only, that the

8   Settlement Class meets the requirements for certification of a settlement class under Federal

9   Rule of Civil Procedure 23: (a) the proposed Class is ascertainable and so numerous that

10  joinder of all members of the Class is impracticable; (b) there are questions of law or fact

11  common to the proposed Class; (c) certain claims of Plaintiffs are typical of the claims of the

12  members of the proposed Class; (d) Plaintiffs and their counsel will fairly and adequately

13  protect the interests of the proposed Class; and (e) a class action is superior to the other

14  available methods for an efficient resolution of this controversy.

15      3.    Should the Settlement Agreement not receive the Court's final approval, should

16  final approval be reversed on appeal, or should the Settlement Agreement be terminated or

17  otherwise fail to become effective, the Court's grant of class certification and findings shall be

18  vacated, and this Order shall become null and void, and the Settlement Agreement shall be

19  withdrawn without prejudice to any claims, defenses and rights of any and all Parties thereto,

20  who shall be restored to their respective positions prior to the execution of the Settlement

21  Agreement.

22      4.    The Court approves Eileen Johansson-Dohrmann as Class Representative.

23      5.    The Court appoints Plaintiff's counsel, Keegan & Baker, LLP in the name of

24  Patrick N. Keegan, as Settlement Class Counsel.

25      6.    The Court approves the designation of Gilardi & Co., LLC, to serve as the Class

26  Action Settlement Administrator.  The Settlement Administrator shall administer the

27  Settlement in accordance with the terms set forth in the Settlement Agreement and perform the

28  functions set forth therein.

7.      The Court preliminarily approves the Agreement, finding that its terms appear sufficient, fair, reasonable and adequate to warrant dissemination of notice of the proposed settlement to the Class.  The Agreement contains no obvious deficiencies and the parties have entered into the Agreement in good faith, following arms-length negotiation between their respective counsel.  The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the settlement is non-collusive.  The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing.

8.      The Court finds that the notice procedure, as set forth in Section 7 of the Settlement Agreement, including the form and content of the notices attached as Exhibits C and F to the Settlement Agreement, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all Persons within the Settlement Class of the following: (i) the pendency and nature of the Litigation; (ii) certification of the Settlement Class; (iii) the claims, issues and defenses in the Litigation; (iv) that a Settlement Class Member may enter an appearance through an attorney; (v) the terms of the Settlement Agreement; (vi) the right of Persons within the Settlement Class to exclude themselves from the Settlement Class and the time and manner for requesting exclusion; (vii) the binding effect of any judgment, whether favorable or not, on Persons within the Settlement Class who do not request to be excluded; (viii) the Final Approval Hearing; and (ix) the right of Persons within the Settlement Class who do not request to be excluded to object to the Settlement, the award of attorneys' fees, costs and expenses and/or payment of incentive awards, consistent with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  The Parties, by agreement, may revise the notices, claim forms and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

a.      Provision of Notice:

i.      As soon as practicable after entry of this Order, the Settlement Administrator shall mail the Notice (in the form and substance of Exhibit F to the Settlement Agreement) by United States mail, postage prepaid, to all Persons identified as having

confidential individually identifiable medical information and/or financial information on Defendant's computer equipment and computer backup tapes that were stolen on December 13, 2012.  The mailing of the Notice shall be completed by **February 28, 2013**.

        ii.    By **February 28, 2013**, the Settlement Administrator shall establish and make operational a settlement website, which shall contain the Long Form Notice (substantially in the form of Exhibit C to the Settlement Agreement) that will advise visitors that a Settlement has been reached subject to final approval of the Court.  The settlement website also shall contain copies of the Settlement Agreement, the Notice and claim forms (substantially in the form of Exhibits C, A, and E to the Settlement Agreement) approved by the Court, and this Order.

9.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Hearing on **Monday, July 15, at 2:30 p.m.,** in Courtroom 5 before the Honorable Michael M. Anello, United States District Court for the Southern District of California, for the following purposes:

    a.    finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23, and, thus, whether the Class' claims should be certified for purposes of effectuating the settlement;

    b.    determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

    c.    considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

    d.    considering the application of the named Plaintiff for a class representative incentive award, as provided for in the Agreement;

    e.    ruling upon any other matters as the Court may deem appropriate.

10.    All briefs, memoranda, and papers in support of the approval of the settlement and in response to objections must be filed with the Court and served **no later than June 10, 2013**.  The papers shall include the following information: (1) the total number of opt out

requests received; (2) the total number of valid claims received; (3) the total dollar value to be paid to Class Members who submitted valid claim forms; (4) a best estimate of the dollar amount that will be paid to the Class Administrator, or to be used for other costs and expenses (not including attorneys' fees and costs), or both; (5) the dollar amount that remains from the settlement fund after valid claims are paid; and (6) any other relevant information helpful in determining the benefits of the settlement.

11.    Class Members must file and serve any objections to the proposed settlement **within 75 days (75) of the Notice Date**, including any memoranda and/or submissions in support of the objections.

12.    Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement.  All Settlement Class Members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefor in accordance with the requirements and procedures of the Settlement Agreement shall be barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the Release contained therein, and the Judgment Order.

13.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to members of the Settlement Class.  The Court also may adjourn or continue the Final Approval Hearing without further notice to members of the settlement class.

14.    Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit a written notice of such intent to a designated Post Office Box established for said purpose, as set forth in the Notice.  The written notice must clearly manifest an intent to be excluded from the Settlement Class, and must include the full legal name and address of the Person seeking to opt out.  To be effective, written notice must be postmarked **within sixty days (60) of the Notice Date**.  All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement or the Final Judgment and Order.

5

12cv1115

15.     Any Class Member who does not send a completed, signed request for exclusion postmarked on or before the opt-out deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court.

16.     Any person falling within the definition of the Class may object to the Agreement.  To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the name and case number of the Action, and must contain the following information:  (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s).

17.     A request for exclusion or an objection that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall be deemed a member of the Class, and shall be bound as a Class Member by the Agreement.  The Class Action Administrator shall promptly forward copies of all requests for exclusion and objections to Class Counsel and counsel for Defendants.

18.     If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, in addition to the foregoing requirements that attorney must (1) file both an entry of appearance and a notice of intention to appear and participate at the Final Approval Hearing with the Clerk of the Court no later than thirty (30) days before the Final Approval Hearing, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Final Approval Hearing to Counsel for Defendants and Class Counsel, postmarked no later than thirty (30) days before the Final Approval Hearing.

12cv1115

19.     A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

20.     If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  While the declaration described above is prima facie evidence that the objector is a member of the Class, Plaintiff or Defendant or both may take discovery regarding the matter, subject to Court approval.

21.     Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from speaking or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

22.     All objections must be filed with the Clerk of Court **within 75 days (75) of the Notice Date**.  Objections received after the objection deadline will not be considered at the Final Approval Hearing.  A Class Member's failure to submit a written objection within the objection deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the settlement, the Agreement, attorneys' fees and costs, class representatives' incentive awards, or to appeal or seek other review of the Final Judgment and Order.

12cv1115

23.     Class Members who do not oppose the settlement, the applications for attorneys' fees and costs, or class representative incentive awards need not take any action to indicate their approval.

24.     The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties.  Defendant has denied and continues to deny the claims asserted by Plaintiff.  Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

25.     The certification of the Class shall be binding only with respect to the settlement of this Litigation.  In the event that the Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Class shall be deemed vacated, the Litigation shall proceed as if the Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

DATED: February 5, 2013

Hon. Michael M. Anello
United States District Judge

8

12cv1115